ANDREW LONG, and ALEXANDER BEALL, Appellants, *v.* THE COUNTY COURT OF SCOTT COUNTY, Appellee.

### APPEAL FROM SCOTT.

The County Court succeeded to that of the county commissioner's, and a constable's bond is properly executed to the County Court; which court and its successors may maintain an action upon it.

ON the eighth of November, 1859, William Salisbury was elected constable of said county, and afterwards, as principal, with appellants as sureties, executed an official bond to the justices of said county, naming them and their successors in office, to the use of the People of the State of Illinois, for, etc., conditioned as the law requires. Suit was brought on this bond to the September term, 1861, of the Circuit Court of said county, in the name of "The County Court of Scott County," for use of, etc., there being four counts in the declaration, to each of which the appellants demur. Demurrer was overruled, and judgment against them.

The only error assigned, is the overruling of the demurrer.

D. A. AND T. W. SMITH, for Appellants.

KNAPP & BURR, for Appellee.

WALKER, J. This was an action of debt, instituted by the County Court, on a constable's bond, to recover for a breach in failing to pay an account for money collected by the constable, in his official capacity. The bond was executed by Salisbury the constable, and by Long and Beall as his securities, and was made payable to "William Leighton, Robert Husband, and Jesse Husted, county justices, together constituting the County Court of the county of Scott, and State of Illinois, and their successors in office, for the use of the People of the State of Illinois," etc., conditioned in the usual form for the faithful discharge of his duties as a constable. The declaration contained four counts, to which a demurrer was interposed, and overruled by the court, and the defendants refusing to answer further, judgment *nil dicit* was rendered, and the damages were assessed, from which this appeal is prosecuted.

The appellants raise the single question, whether the County Court of Scott county can maintain an action on this bond.

The law in force at the time of its execution, or at present,

in counties not acting under township organization, does not in terms, prescribe the person to whom such a bond shall be executed.   During the existence of the County Commissioners' Court, constables were required to make their official bonds payable to the county commissioners of their county, and to their successors in office, for the use of the People of the State of Illinois.   The 15th section of the act of the 12th of February, 1849, (Scates' Comp. 309), provides, that the county judge, and two justices of the peace, designated and provided for by the act, as a County Court, shall " have, exercise and possess all the power, jurisdiction and authority heretofore conferred by law on the County Commissioners' Courts of this State."

It is, by this provision, manifest that if the County Commissioners' Court had power or authority to take such a bond, the County Court may.   They are invested by express language, with all the power and authority which was possessed by the Commissioners' Court.   Constables were, as we have seen, required to make their bonds payable to the county commissioners and their successors, and when the law required that officer to execute his bond to them, it necessarily authorized and empowered them to receive it, and maintain an action upon it, for any breach which might occur.   It then follows, that this bond was properly executed, as the County Court succeeded to all of the powers of the Commissioners' Court. *Shute* v. *Chicago and Milwaukee R. R. Co.*, 26 Ill. 436.

It also follows, as a consequence, that if the Commissioners' Court could have maintained an action upon a constable's bond payable to them, the County Court, as its successor, may do the same, upon such a bond payable to them.   The power in the one case is as ample as in the other.   Under the rules of the common law, the party holding the legal title or interest in the thing affected, must bring the suit.   In this case the successors of the obligees have the legal title to this bond.   It is by its terms payable to the persons named as the court, and to their successors, and by law vested in them, and that of itself authorizes them to maintain the action.

This case is similar to that of *Fraizer* v. *Laughlin*, 1 Gilm. 347.   It was there held, that the case was brought in the corporate capacity of the county commissioners, and the names of the individuals appearing as obligees in the bond, was entirely surplusage, and might be stricken out at any time.   That was an action by that body, against a school commissioner and his securities.   That case clearly determines the question, that the suit could be maintained in the corporate capacity of that body, and we have seen that the County Court has succeeded to all of their powers and authority.   That case must

be held decisive of this. The judgment of the court below is affirmed.

*Judgment affirmed.*