NICHOLAS BOICE, and GEORGE W. HAMILTON, impleaded, etc., Plaintiffs in Error, *v.* SAMUEL S. GILBERT *et al.*, Defendants in Error.

### ERROR TO MACOUPIN.

The bond in this case is not a good and satisfactory bond, because the court cannot presume that the judge and the two justices of the peace named in the bond, constitute the County Court.

THIS was an action originally commenced before a justice of the peace for Macoupin county. Summons in the usual form for a demand not exceeding one hundred dollars. Judgment before the justice for $57.32 and costs.

Appeal to Circuit Court. March term, 1861, cause tried by the court by consent.

On the trial, the plaintiffs below, to maintain the issues on their part, offered a bond in words and figures following, to wit:

"KNOW ALL MEN BY THESE PRESENTS, That we, John Hall, Nicholas Boice, and George W. Hamilton, in the county of Macoupin and State of Illinois, are held and firmly bound to Samuel S. Gilbert, County Judge, George A. W. Cloud and George Judd, Justices, of the county of Macoupin, and unto their successors in office, for the use of the people of the State of Illinois, in the sum of one thousand dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, firmly by these presents. Sealed with our seals, and dated at Carlinville, this 14th day of November, A. D. 1857.

" The condition of the above obligation is such, that whereas the above bound John Hall, has been duly elected constable for the county of Macoupin aforesaid, by the voters of the Carlinville election district, of said county, Now, therefore, if the said John Hall shall fully discharge the duties of his office of constable, and shall fairly and justly account for, and pay over all moneys that may come into his hands, under any process, or otherwise, by virtue of his office as constable, then this obligation to be void; otherwise to be and remain in full force and virtue, until the expiration of five years after the term of service of said John Hall, as such constable, shall have been concluded.

J. HALL.              [L. S.]

N. BOICE.             [L. S.]

GEO. W. HAMILTON.  [L. S.]"

To which bond defendants below objected.    Bond admitted.

Plaintiffs then called *David McDaniel* as a witness, who testified that he · was a justice of the peace of Macoupin county, and offered to read from his docket the following entry :

" Walker, Phelps & Co., } Demand on note, $55.43.    Cost,
          *vs.*              31.   Judgment, 25.
Samuel Work.           }

" Summons dated October 13th, 1857; returnable on the 22d inst., at 10 o'clock, A. M.    Service on defendant by reading, October the 14th, 1857.    J. HALL, Const.

" By default of defendant, judgment is rendered in favor of the plaintiffs, and against defendant, for the sum of $55.43, debt, together with cost of suit.    October 22, 1857.   D. McDANIEL, J. P.

" Received on the above judgment 25 dollars.   December 19, 1858.   WALKER, PHELPS & Co.

"Fi. fa. dated November 27th, 1857.   J. HALL, Const."

Defendants below objected.   Objection overruled.

McDaniel then testified, that on the 27th day of November, 1857, he issued an execution upon said judgment, and placed it in the hands of John Hall, and John Hall never returned the same.   Testimony objected to, and overruled.

Plaintiffs below introduced *John S. Cotter*, who testified

that he was a justice of the peace for Macoupin county, and then read from his docket the entry in a suit, as follows:

"Walker, Phelps & Co.  
   *vs.*  } Demand on 2 notes, $44.70.  
Samuel Cummings.

"Judgment in above cause, and execution placed in the hands of J. Hall, Const."

J. S. Cotter then testified, that he issued execution on said judgment, 20th of April, 1858, and placed the same in the hands of J. Hall, constable, who never returned the same—to which defendants below objected, and objection overruled.

Defendants then offered original summons in said cause, with the indorsement thereon as follows: "Demand, $100. Justice's cost, .56." Court then rendered judgment for $1,000, to be discharged by the payment of $59.67, to which defendants below excepted.

Defendants assign the following errors:

The Circuit Court erred in admitting improper evidence on the part of the plaintiffs below.

The finding and assessment of the court was against the law and the evidence.

The court erred in not finding for the defendants below.

The court erred in overruling the motion for a new trial, and in rendering judgment against defendants below.

GILBERT & RINAKER, for Plaintiffs in Error.

The Circuit Court had no jurisdiction in this case which authorized it to render judgment against plaintiffs in error. Its jurisdiction was no greater than that of the justice. See 2 Gilm. 335; *Ballard* v. *McCarty*, 11 Ill. 401; 12 Ill. 456.

This was a suit on a common law obligation, in the name of the payees of the bond, and the judgment must of necessity be for the full amount of the bond, and, that amount being $1,000, the justice could not render judgment therefor, for want of jurisdiction. See Purple's Statutes, chapter entitled Justices and Constables, sec. 17.

That this was a mere common law obligation, or was not a statutory bond required of the constable, see Purple's Statutes,

chapter entitled Justices and Constables, sec. 11. Also, see 14 Ill. 72.

The bond mentioned in section eleven was to be payable to the county commissioners. This bond is payable to Samuel S. Gilbert and others, personally. 14 Ill. 72. That was given to the county commissioners in their official capacity. See section 11, chapter entitled Justices and Constables. This is given and payable to Gilbert and others as individuals. See same authorities.

This not being a statutory bond, the penalty sought to be recovered in this suit as damages, and so given by the Circuit Court, could not be recovered in this suit. The court had no jurisdiction to render such judgment, and should, therefore, have excluded the evidence of McDaniel and Cotter in regard to the non-return of the executions delivered to Hall by them.

The statute imposing the forfeiture for not returning executions, like all penal statutes, is to be strictly construed, and no mere forfeiture or penalty inflicted on a constable could be held to be covered by the bond; and as there is no evidence whatever that the failure of the constable, Hall, to return the executions, mentioned in said witnesses' evidence, caused the parties, for whose use the suit was brought, any damage, their evidence was not admissible, and should have been excluded, and judgment should have been given for the defendants. The amount claimed is purely a forfeiture, for whether there be any damage, real or not, yet the amount of the execution which is not returned within ten days after its return day, is the amount of damages to be awarded, if anything.

The giving of a bond by the constable to secure the rights of persons entrusting business to his care, if given to any other than the person designated by the statute, could only be a common law obligation, and could then only entitle parties to sue thereon who had been injured by his misconduct.

STUART, EDWARDS & BROWN, and C. A. WALKER, for Defendants in Error.

The bond is substantially in compliance with the statute.
The county judge and associate justices succeed to the

" county commissioners." See *Green et al.* v. *Wardwell et al.*, 17 Ill. 279 ; *The People* v. *Thurber*, 13 Ill. 554.

The judgment is properly rendered, and could have been in no other form.  Chap. 59, Rev. Stat., secs. 118, 119, 120, 121, 122.

CATON, C. J.  This was an action commenced before a justice of the peace on the following bond :

"KNOW ALL MEN BY THESE PRESENTS, That we, John Hall, Nicholas Boice, and George W. Hamilton, in the county of Macoupin, and State of Illinois, are held and firmly bound to Samuel S. Gilbert, County Judge, George A. W. Cloud and George Judd, Justices, of the county of Macoupin, and unto their successors in office, for the use of the people of the State of Illinois, in the sum of one thousand dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, firmly by these presents.  Sealed with our seals, and dated at Carlinville, this 14th day of November, A. D. 1857.

"The condition of the above obligation is such, that whereas the above bound John Hall has been duly elected constable for the county of Macoupin aforesaid, by the voters of the Carlinville election district of said county : Now, therefore, if the said John Hall shall fully discharge the duties of his office of constable, and shall fairly and justly account for, and pay over, all moneys that may come to his hands, under any process, or otherwise, by virtue of his office of constable, then this obligation to be void ; otherwise to be and remain in full force and virtue, until the expiration of five years after the term of service of said John Hall as such constable, shall have been concluded.

J. HALL.            [L  S.]
N. BOICE.          [L. S.]
GEO.  W. HAMILTON.  [L. S.]"

This bond the court below admitted in evidence as an official statutory bond, and this presents the only question in this case.

This case is not within the decision of *Long* v. *Scott County*, 27 Ill. 383.  There we held that the official bonds of constables should be payable to the County Court.  That

bond was payable to " William Leighton, Robert Husband and Jesse Husted, county justices, together constituting the County Court of Scott county, and State of Illinois, and their successors in office, for the use of the people of the State of Illinois." We there held, following the case of *Frazier* v. *Laughlin*, 1 Gilm. 347, that the bond was payable to the County Court, and that the names of the justices constituting the County Court might be rejected as surplusage. Here there is nothing to show that the officers named constituted the County Court. We know that the County Court is composed of the county judge, and two justices of the county designated in a particular mode for that purpose. But there is nothing to show that these two justices were designated for that purpose. For aught that appears these justices may have been just common ordinary justices of the peace. While we are disposed by every reasonable intendment to sustain bonds of this kind, and to overlook want of form, we must still require the substance of the demands of the statute. Here we cannot hold that this bond is payable to the County Court of Macoupin county, or that the obligees named constitute that court.

Admitting this to be a good common law bond does not help the case, for then it was not within the jurisdiction of a justice of the peace. It is only of statutory bonds that the statute confers jurisdiction upon justices of the peace where the penalty exceeds one hundred dollars.

The court erred in admitting the bond in evidence. The judgment must be reversed, and the cause remanded.

*Judgment reversed.*