## ABRAHAM WIMBERLY

### v.

## CHARLES R. HURST.

1. JUDGMENTS — *their conclusive effect.* A decree rendered by a court having jurisdiction, both of the persons of the parties and of the subject matter, is valid and binding on all parties, and cannot be attacked collaterally.

2. SAME — *what parties may impeach.* Where it appeared from the record of the proceedings in the Circuit Court, which record constituted one of the links in the plaintiff's chain of title in an action of ejectment, that a decree had been entered for the sale of lands, and the lands sold under it: *Held,* that an objection that the lands were not sold in the lowest legal subdivisions could not be made by a mere intruder or trespasser, however available it might be for the parties legally interested upon motion to set aside the sale before its confirmation.

3. SAME. Kinney and Taylor purchased the lands in question of the general government. In a suit for partition in the Sangamon county Circuit Court, wherein the administrator of Taylor was complainant, it was decreed that Taylor was seized in fee of the lands. The plaintiff in ejectment purchased under this decree, and the residuary legatee of Kinney subsequently conveyed to the plaintiff the same lands by quitclaim deed. *Held,* that the decree finding the lands to belong to Taylor was conclusive upon the defendant, he showing no deed from Kinney, and that the quitclaim deed from the plaintiff, in connection with his purchase under the decree, established in him a complete legal title.

4. DEEDS — *construction of.* In the deed from the residuary legatee of William Kinney to the plaintiff in ejectment, its intent was declared to be, " by this deed to convey to the said Charles R. Hurst the same lands conveyed by William Kinney in his lifetime to John Taylor, and none others. *Held,* that although there was no apparent connection between the deed and the will, no reference being made by the grantor in the deed to his right as residuary legatee under the will, yet, as there was an apparent title in the residuary legatee, it was evident from the clause in the deed, declaratory of its intention, that its object and design was to vest that apparent title in Hurst, the purchaser under the decree, and that such was its effect.

WRIT OF ERROR to the Circuit Court of Jefferson county, Hon. S. S. MARSHALL, Judge, presiding.

This was an action of ejectment brought by the defendant in error, against the plaintiff in error, in the Circuit Court of Marion county, and taken on change of venue to the Circuit Court of Jefferson county, where it was tried at the May Term, A. D. 1863. The declaration states, that on the first day of January, A. D. 1859, at Marion county, Illinois, the plaintiff, Charles R. Hurst, was possessed, in his own right, of an estate in fee simple of the northwest quarter of section twenty-six, township two, north range two east of third principal meridian in said Marion county. That being so possessed, the defendant Abraham Wimberly afterwards, on said first January, 1859, at, &c., entered into such possession, and unlawfully withholds from plaintiff such possession, to his damage, &c.

Upon the trial of the cause the following evidence was introduced by the plaintiff:

1. A deed dated 10th September, 1857, from Antrim Campbell, administrator of John Taylor, deceased, to Charles R. Hurst (defendant in error). This deed sets out an order made at April Term, 1857, of Sangamon County Circuit Court, in a cause therein pending on petition for sale of real estate, wherein said Antrim Campbell, as administrator of said John Taylor, was petitioner, and Seth M. Tinsley and others were defendants. Which order states, that petitioner in proper person filed his petition for sale of real estate therein described. That it appeared to the satisfaction of the court that due notice was given to all persons interested, of the intended filing of such petition by publication in the Illinois State Register, in the manner and for the period required by law. That it appeared to the court that John Taylor died seized of the lands in petition described, to wit: East half of northeast section 12, and east half northeast quarter of section 13, and southeast quarter of section 24, and northwest quarter of section 26 (the tract in question) all in township 2, south range 2 east of third P. M. That the several persons named were his only lawful heirs, and

were all of full age. That it appeared to the court, from the proof, that said administrator had faithfully applied the property to defendant's debts, and that the sum of $7,405.80 remained unpaid. The court ordered that said lands, all in Marion county, be sold by the petitioner, at public auction, to the highest bidder, at the court house door, in Salem, Marion county, Illinois, on a credit of six and twelve months equal installments; that he execute deeds to the purchaser, and take notes and mortgages, and report, &c. Said deed then recites, that on Thursday, 10th September, 1857, between the hours of 9 o'clock A. M., and sunset of said day, said administrator offered said lands for sale, having given more than six weeks public notice of time and place of sale, by publication in the Salem Weekly Register, and by posting four notices. That Charles R. Hurst, defendant in error, bid at said sale $8 per acre for northwest quarter section 26, township 2, north range 2 east (the tract in question), and for east half northeast quarter section 12, township 2, north range 2 east, $10 per acre; and for east half northeast quarter section 13, township 2, north range 2 east, $7 per acre; and for southeast quarter section 24, township 2, north range 2 east, $8 per acre, all of which were struck off to him (being all the lands in said order); that he complied with the conditions of sale, and thereupon the said tracts were conveyed to him, his heirs and assigns for ever.

2. A quitclaim deed, dated May 1, 1856, from William C. Kinney to Charles R. Hurst, defendant in error. This deed recites that the party of the first part, in consideration of one dollar, granted, &c., to the party of the second part, his heirs and assigns forever, certain tracts of land, to wit: east half of northeast quarter section 12, and east half of northeast quarter section 13, and southeast quarter of section 24, and northwest quarter of section 26, all in township 2, north range 2 east (the last being the tract in question), and at end of description as follows: "It being intended by this deed to convey to the said Charles R. Hurst the same lands conveyed by William Kinney in his lifetime to John Taylor, and none others." Then

follows the usual *habendum* clause, covenant against incumbrances and covenant of warranty, and concluding thus : " This deed being intended as a quitclaim deed."

3.    A certified copy of the letters of administration granted to Antrim Campbell by Sangamon County Court on the estate of John Taylor, deceased, who died 31st of May, 1847, which letters were dated 29th January, 1848, and were certified by the county clerk of said county on the 27th of August, 1862.

4.    A certified copy of the record in the cause of Antrim Campbell, administrator of John Taylor, deceased, against Seth M. Linsley and others, which record first sets out an order or decree which is that set out in deed firstly introduced, and certificate of Sangamon Circuit Court, dated 9th of July, 1862, as to said order or decree.    The said record then sets out the further report of said administrator, which the court approved, and which report states that, pursuant to the said order, he proceeded to sell said real estate at public auction, at the court house door, in Salem, Marion county, Illinois, on the 10th of September, 1857, between the hours of 9 o'clock A. M., and sunset of that day, having first given three months' notice by publication in the Salem Register and posting four notices.    That Neree Vallee bid at said sale $10 per acre for the east half of northeast quarter section 12, and for the east half of northeast quarter section 13, $7 per acre, and for the southeast quarter of section 24, $8 per acre, all in township 2, north range 2 east ; they were struck off to him ; and Charles R. Hurst bid for northwest quarter section 26, township 2, north range 2 east, $8.50 per acre, and said tract was struck off to him.    No notes or mortgages were executed, but the administrator files vouchers for the proceeds, deducting costs and expenses.    Then follow notice of sale, and certificate of the publisher of Salem Weekly Register, and certificate of Sangamon county circuit clerk, dated 9th July, 1862, as to said records.

5.    A certified copy of the will of William Kinney, deceased, dated August 9th, 1843, giving certain legacies and the residue of his personal and real estate to his son, William C. Kinney, whom he appointed executor.    The attestation of said will is as

follows: "We, the undersigned, being present at the writing of the above, honestly believe Governor William Kinney to have been in a sound state of mind at the time of writing the same, hereby sign our respective names and make our seals as witnesses." Then follow the affidavit of two of the witnesses, dated 18th October, 1843, the order probating the same of 18th October, 1843, the oath of William C. Kinney as executor, and certificates of clerk of County Court of Sangamon, with certificate of judge of said court, dated 25th August, 1862.

6. The register's certificate of the land office at Springfield, Illinois, dated August 27, 1862, that William Kinney and John Taylor purchased of the general government, at the land office at Vandalia, the northwest quarter of section 26, township 2, north range 2 east of 3d P. M., 160 acres, to which was appended certificate of Sangamon county clerk.

The defendant then objected to the papers so introduced. To the deed first introduced, and the certified copy of the record fourthly introduced, that said record and deed were defective, among other things, 1st. That said record did not show the court had jurisdiction of the subject matter, and of the parties in interest. 2d. That it did not contain a copy of the petition and notice of filing same; nor that any summons had issued thereon; nor any evidence of title in John Taylor, deceased, to the lands in question; nor did it contain all the reports in the cause; and, further, that it *did* show that the lands in question were sold *en masse*, and not in the lowest legal subdivisions.

The defendant objected to the certified copy of the will of William Kinney fifthly introduced, and the quitclaim deed of William C. Kinney to Charles R. Hurst secondly introduced, taken in connection. That the deed conveyed nothing, taken in connection with the will; that it devolved on the plaintiff to show that the lands in question were previously conveyed by William Kinney, deceased, in his lifetime, to John Taylor; and that the deed in question gave no title to Charles R. Hurst for the land in question.

The court overruled all said objections, and defendant excepted.

The plaintiff then proved the signature of William F. Elkin, register of the land office at Springfield, to the certificate.

The defendant then called as a witness J. O. Chance, clerk of the Circuit Court, and *ex officio* recorder of deeds of Marion county, from whose testimony it appeared that he had examined all the indexes of records of deeds of said county, and found no deed thereon from William Kinney to John Taylor.

The defendant then offered in evidence a certified copy of the record in Marion county, Illinois, of the will of William Kinney, and the supplemental will of said William Kinney, with the probate thereof, to which the plaintiff objected, the court sustained the objection, and the defendant excepted.

The court rendered a verdict for the plaintiff, upon which after overruling a motion for new trial, a judgment was rendered, and the defendant, in the court below, sues out this writ of error.

Messrs. JAMES BASSETT and MICHAEL SCHAEFFER, for plaintiff in error.

Mr. W. P. THOMAS, for defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Several objections are made to the recovery in this case, the most important of which we will notice.

The action was ejectment brought by the defendant in error against the plaintiff in error to recover the possession of a certain quarter section of land in Marion county. The plaintiff in the action, to show title on his part, introduced the certificate of the register of the land office at Springfield, after proving his handwriting, of the entry and purchase of the land by William Kinney and John Taylor; also the record of the proceedings of the Circuit Court of Sangamon county on the application of the administrator of Taylor to sell the lands, of which he was supposed to have died seized, to pay his debts. He also introduced a deed from the administrator reciting this decree to him, for the premises, and also a deed from William

C. Kinney and wife to him for the same lands, and the will of William Kinney by which, after giving certain legacies, he devised the residue of his personal and real estate to his son, William C. Kinney, whom he appointed executor. The plaintiff then proved the defendant was in possession of the premises at the time of the commencement of the suit.

The defendant showed no other title to the premises than this possession.

It is objected here, that the proceedings of the Circuit Court, on the petition of the administrator, were irregular, and so defective as to convey no title to the purchaser.

It may be admitted the proceedings were not strictly regular, yet at the same time, the court having jurisdiction both of the persons of the parties and of the subject matter, the decree rendered is valid and binding, and cannot be attacked, collaterally, in this action.

The decree recites that due notice of the application had been given to all persons interested, of the intention of the administrator to file the petition, by publication in the Illinois State Register, in the manner and for the period required by law.

The decree also finds that John Taylor died seized of the lands described in the petition; it finds and names his heirs-at-law, and that they were of full age; it also finds that the administrator had applied the proceeds of the personal estate to the payment of the debts of the deceased, and that there was still due and unpaid of debts the sum of more than seven thousand dollars. The decree directed the administrator to sell the lands described in the petition to pay these debts, and required him to report his proceedings to the court for confirmation.

No substantial objections are perceived to any of the proceedings in the Circuit Court, nor to the regularity of the sale by the administrator. They all appear to be in reasonable conformity to the statute. The objection that the land was sold, not in the lowest legal subdivisions, is an objection, if it was one, which no mere intruders or trespassers could be

permitted to make, however available it might be for the heirs-at-law of Taylor to make it before the sale is confirmed, on a motion to set aside the sale. They were sold in the same legal subdivisions as they were described, and in separate tracts, and not *en masse*, as the record shows.

It is objected, that the quitclaim deed of William C. Kinney had nothing to operate on, no deed from William Kinney to John Taylor being produced. The decree finds the lands to belong to John Taylor, and, so far as this defendant is concerned, is conclusive upon him, unless he could set up a deed from William Kinney to himself, which is not pretended. Since the decree, and the sale under it, and the purchase by the plaintiff in the ejectment, the deed from William Kinney to Taylor not being found, and it never having been recorded, the devisee of William Kinney quitclaims to the plaintiff all his interest in the premises. So the case stands thus: The decree finds the title to be in Taylor, and although that may not be conclusive, the plaintiff succeeded to all Taylor's rights and interest in the premises, by his purchase under the decree. But to make assurance doubly sure, the devisee of William Kinney conveys all his interest in the premises to the plaintiff, so that a complete legal title is established in the plaintiff.

But the defendant says there is no apparent connection between the quitclaim deed of William C. Kinney and the will of William Kinney, no reference being made in the deed to his right as residuary legatee under the will. This is true; there is no such reference. But what is the rule in such cases?

Where a conveyance is general, but by an instrument not adapted for the purpose of conveying a particular interest or as an execution of a power, it will be held to convey whatever interest the grantor had, or as an execution of a power vested in him if it would, otherwise, be totally inoperative, although his interest or character is not referred to expressly or by implication. 1 Sug. on Powers, 418.

In the present case the deed of Wm. C. Kinney would be wholly inoperative, if it is not construed to convey such title as was, apparently, vested in him as the residuary legatee under

the will of his father. The grantor had no other interest whatever. The clause in his deed, explanatory of its object and meaning, assumes the fact to be that his father had, at some time, conveyed the lands described to Taylor, but from the loss of the deed, or from some other reason, there was still an apparent title in William C. Kinney, and the object and design of the deed was to vest that apparent title in Hurst, who held the title of Taylor.

Upon the other point made, that the court rejected the supplemental will of William Kinney, it is only necessary to say that though the will was competent evidence under the statute, it does not follow that it was pertinent to the issue in this case. The supplemental will may have contained a pecuniary legacy to some party and nothing more, hence the necessity of preserving such clauses of it, as are deemed pertinent in this case, on the record. We cannot know that its production was material in any sense.

Perceiving no error in the record, the judgment must be affirmed.