## MARIA L. KINNEY *et al.*

### *v.*

## JACOB KNOEBEL.

1. SHERIFF'S DEED—*validity of title founded on.*    In deraigning title from a sheriff's deed, it is necessary to show only a valid judgment, execution and levy, and a sheriff's deed, appearing to have been made by virtue of such judgment and execution.

2. SHERIFF'S RETURN—*does not affect title.*    The title of a purchaser at a sheriff's sale will not be defeated by reason of the sheriff making no return or a defective one.

3. VARIANCE—*between certificate and return.*    But if the return and certificate of purchase are put in evidence with the deed, and there is such a discrepancy between them as to raise a presumption that the sheriff has made a conveyance to a person not entitled to it, then such discrepancy should be explained.

4. So, where there is a variance as to the time of the sale, if it appears that a sale upon either of the days named would be legal, and that both refer to the same judgment, such variance is immaterial.

5. EVIDENCE—*irrelevant as to trusts and uses of the purchase.*    Where a sheriff's return shows that lands were bid in by one for another, evidence offered for the purpose of showing that the bidder bought for himself, is properly excluded, in a case not arising between these parties.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts of this case fully appear in the opinion of the court.

Messrs. C. W. THOMAS and G. A. KOERNER, for the appellants.

1.   We contend that it is error for a court, as a matter of course, to allow an officer to amend a return, after he has been out of office for a long time, without at least notifying other parties interested.   *Dickerman* v. *Burgess*, 20 Ill. 266.

Briefs of counsel.

2. The court erred in permitting the certificate of purchase to be read in evidence.

There was no conformity between it and the return of the sheriff on the execution, under which it is pretended the sale was made.

The return shows that a sale was made on the 22d of January; the certificate was given on a sale made the 17th of February; this is not conformity.

The return (as amended) shows a sale made to Jacob Knoebel for Adolph Berchelmann; the certificate is given to Adolph Berchelmann.

This is not conformity; *Davis* v. *McVickers,* 11 Ill. 327; *Dickerman* v. *Burgess,* 20 Ill. 266; *Johnson* v. *Adleman,* 35 Ill. 265.

Mr. WM. H. UNDERWOOD, for the appellee.

A sheriff may amend his return to process, as of course. No notice is necessary, and he may amend after his term of office expires. *Morris* v. *Trustees, etc.* 15 Ill. 268; *Johnson* v. *Donnell,* Ib. 100; *Montgomery* v. *Brown,* 2 Gilm. 584; *Johnson* v. *Adleman,* 35 Ill. 281.

The title of the purchaser at a sheriff's sale cannot be affected by a sheriff's return. *Phillips* v. *Coffee,* 17 Ill. 157; *Loomis* v. *Riley,* 24 Ill. 307; *Durham* v. *Heaton,* 28 Ill. 273.

The cases cited by appellants as to the variance between the return and the certificate and deed are inapplicable to this case. The first decides that where the certificate of purchase is to one, and the deed is to a stranger, the latter is a nullity. In the second authority, the bill charged that a sale was made to one person, and the certificate and deed made to another, to defraud the purchaser. In the third authority cited, the court say, the discrepancy might have been corrected by amendment. The case of *McClure* v. *Englehardt,*

17 Ill. 50, is a case in point, and decisive of this question. Other authorities are, *Merritt* v. *Hasbrook*, 1 Wend. 47; *Proctor* v. *Farnon*, 5 Paige, 614; 7 Hill, 91; 4 Denio, 480; *Blair* v. *Chamberlin*, 39 Ill. 527.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, brought by the heirs of William C. Kinney against Jacob Knoebel, who claimed as purchaser under a judgment and execution against Kinney before his death. The defendant offered, first, a judgment and execution against Kinney and in favor of one Hinckley, and a return of the sheriff showing the sale of the premises in controversy to the plaintiff in the execution, in October, 1857; second, a judgment and execution in favor of one Kellerman against Kinney, and a return showing a redemption by Kellerman, in December, 1858, from the former sale; third, a judgment and execution against Kinney, in favor of one Juliette C. Pearce, and a return of the sheriff, showing that John Thomas, as assignee of Juliette C. Pearce, on the 20th of January, 1859, paid him $346.14, in full redemption from said last sale, and a subsequent sale of the premises to Jacob Knoebel, for Adolphus Berchelmann, for $1400; fourth, a certificate of purchase, dated February 17, 1859, recorded February 18, 1859, executed by the sheriff, and stating the purchase by Berchelmann for $1400; and fifth, a sheriff's deed to Berchelmann, reciting the above judgments, executions and redemptions, and the purchase by Berchelmann, on the 17th of February, 1859. Under the instructions of the court, the jury found a verdict for the defendant, on which judgment was rendered, and the plaintiffs appealed.

On the day before the trial, the court, on motion of the defendant, and without previous notice to the plaintiffs, allowed the sheriff to so amend his return to the last execution as to make it recite a sale to Knoebel, for Berchelmann, instead of a

sale to Knoebel, as shown by the original return. It is urged that it was error in the court to allow this amendment. It is also urged that the court erred in refusing to permit the plaintiffs to show, on the trial, as they offered to show, that Knoebel purchased for himself.

In deraigning title under a sheriff's sale, it is necessary to show only a valid judgment, execution and levy, and a sheriff's deed appearing on its face to have been made by virtue of a sale under such judgment and execution. The title of the purchaser is not defeated by a defective return upon the execution, or by the absence of any return whatever. *Phillips* v. *Coffee*, 17 Ill. 157. If, however, the return and the certificate of purchase are put in evidence with the deed, and there is such a discrepancy between these instruments as to raise a presumption that the sheriff has made a conveyance to a person not entitled to it, then such discrepancy should be explained. It was in this sense that this court has, in several cases, spoken of the necessity of uniformity between these instruments, and in the last case in which this language was used, *Johnson* v. *Adleman*, 35 Ill. 281, where the return showed the sale was to one John Helbig, and the deed was made to one Christopher Adleman, the court said the sheriff could amend his return so as to explain the discrepancy, in conformity with the facts. This was precisely what was done in the case before us. Counsel deny the right of the sheriff to amend his return after he had gone out of office, but this court has often decided that an officer may, at any time, amend his return, first procuring, however, the leave of the court, if the writ has been placed on its files, which leave is ordinarily granted as a matter of course. *Nelson* v. *Cash*, 19 Ill. 440.

Neither did the court err in refusing to permit the plaintiffs to show that Knoebel did not purchase for Berchelmann, as stated in the return, but for himself. Apart from the ordinary rule, that parol evidence can not be received to impeach,

collaterally, a sheriff's return, for the purpose of affecting the rights of third persons, not parties to the writ, we are wholly unable to see on what ground these plaintiffs can raise the question, whether the land was bought by Knoebel for his own use or for that of Berchelmann. It was certainly bought by one of them, for the sum of $1400, which sum was received by the sheriff, and applied on the payment of the judgment against Kinney, the defendant in the execution. With that he was satisfied, as he did not move to set aside the sale, and whether Knoebel bid for himself or for Berchelmann, or to which of them the money paid belonged, or why the certificate of purchase was made to Berchelmann directly, instead of being made to Knoebel, and by him assigned to Berchelmann, might be very interesting questions in a controversy between them, or between them and their creditors, but they are certainly questions with which Kinney had nothing to do, and which do not concern the present plaintiffs, who stand in his shoes, claiming as his heirs. Suppose the return had been in the first instance as it now is, showing a sale to Knoebel for Berchelmann, and Kinney had moved to set aside the sale on the ground that the return should have shown Knoebel purchased for himself, and that the certificate should have been made to him, would not the court have at once replied, that the rights of those persons, as against each other, were matters of no moment to Kinney, and that such a ground for setting aside the sale was wholly untenable ? *McClure* v. *Englehardt*, 17 Ill. 50 ; *Blair* v. *Champlin*, 29 Ill. 527.

Another objection is taken on the ground that the return of the sheriff gives the 22d of February, 1859, as the day of sale, while the certificate of purchase states it to have taken place on the 17th of February. The return is somewhat obscure, but even if the discrepancy exists, it is wholly unimportant, for it is immaterial on which of the two days the sale did take place. In one of the instruments the sheriff has made a clerical error in the date, but it does not affect the

title of the purchaser, as the sale would have been valid on either day, and that it did take place on one day or the other, is not doubted or denied. The only question that could be raised on this discrepancy of dates is, whether there may not have been a sale upon some other judgment, to which the certificate referred. But there really is no ground for doubt upon this point. It is not pretended there was any other judgment in favor of Juliette C. Pearce against Kinney, than the one offered in evidence, and when we compare the return, the certificate and the deed, we cannot doubt that they all refer to the sale made under the execution issued on that judgment, and that an immaterial error has crept into one of these instruments in regard to the day of sale.

We do not deem it necessary to review the instructions in detail. The case depends wholly on documentary evidence, presenting only questions of law, and if the jury had found a different verdict, it would have been the duty of the court to set it aside.

*Judgment affirmed.*