52  387
174  396

## Elias Nixon

### *v.*

## Gordis R. Cobleigh.

1. EVIDENCE—*certified copy of deed—proper foundation for the same— under the statute.* In an action of ejectment, the plaintiff swore "that he did not have the deed in his possession; that he did not know where it was and had not made search for it:" *Held,* that this proof established either alternative presented under the statute—loss, or want of power over the instrument—and was sufficient, as a foundation for reading in evidence a certified copy from the record.

2. SAME—*design of the statute—to modify the common law rule.* The express object of our statute, was to modify the strictness of the common law rule, as to the admission of certified copies of lost instruments, and to give it a rigid construction, would virtually defeat the design of the legislature.

3. SAME—*secondary—to prove contents of a lost deed.* And when, in such case, a party offered in evidence a certified copy of a deed, which appeared to have been signed by "James H. Turrill," instead of "Samuel H. Turrill," it was competent for him to show by extrinsic evidence, that the deed was in fact executed by Samuel H, and that the error occurring in the christian name in the copy, was the mistake of the recorder in transcribing the original upon the records.

4. The right of a party to prove the contents of a lost deed, can not be questioned; and had the original deed been produced, signed as this purports to have been, it would be proper to show by parol evidence, that he executed it by the name of "James" instead of "Samuel," his true name.

5. And in such case, an objection to the introduction in evidence of a trust deed, that there is not sufficient proof that notice of the sale had been given as required by the deed, is unavailing, it appearing from recitals in the deed, that the notice required had been given, and that the sale was made

at the time and place named in the notice, which was at the door of the court house in the city of Pekin. Although neither the date of the notice, nor the name of the newspaper is given in the deed, it recites that due notice was given, and that the trustee duly advertised the premises, and these recitals, as to strangers and third persons, are sufficient.

6. And the objection, that the sale was voidable because the deed declared that the property should be sold *on the premises,* and it was sold at the *court house door* is one, which can not be raised by a party who is a stranger to the deed and for whose benefit the mode of sale was not inserted.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr. W. DON MAUS, and Messrs. COOPER & Moss, for the appellant.

Mr. B. S. PRETTYMAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by appellee in the Tazewell circuit court, against appellant, to recover certain lots in the city of Pekin. Appellee derived title from the general government through a number of mesne conveyances.

On the trial in the court below, appellee read in evidence copies of several deeds in his chain of title, duly certified by the recorder.

It is first urged that the court erred in admitting these copies, for the reason that sufficient proof of the loss of the originals was not made. By section thirty-eight, of chapter entitled "Conveyances" (Gross' Comp.) it is enacted, that if any party, his agent or attorney, shall, in open court, swear that the original deed, conveyance or other writing required to be recorded, and has been properly acknowledged and recorded, is lost, or not in the power of the party wishing to use the same on

the trial, the record of such deed, or a transcript thereof, certi-
fied by the recorder, may be read in evidence. Appellee swore
that he did not have the deed in his possession ; that he did
not know where it was, and had not made search for it.   He
made the same oath in reference to each copy before it was
read in evidence.   While this oath is not in the language of
the statute, in failing to state the deeds were not in his power,
it is substantially the same.

He swears that the deeds are not in his possession, and
that he does not know where they are, and if that is true, we
fail to perceive how they were in his power, and the statute
presents either alternative—loss, or want of power over the
instrument.

This statute was designed to modify the strictness of the com-
mon law rule, as to the admission of certified copies of such
instruments.    Before the passage of this statute, the party
would have been required to make strict proof of diligent
search, in all places where the instrument was likely to be
found, before the copy could have been admitted.   And the
statute having been adopted to dispense with such strictness,
it would be manifestly erroneous to give it so rigid a construc-
tion as to defeat the design of the legislature.

It is urged, that the court below erred, in permitting appellee
to prove the contents of the deed, from Turrill and Haven to
Charles Haven.   On producing the certified copy of the deed
it appears to have been signed by James H. Turrill, instead
of Samuel H. Turrill.   The clerk entitled the deed " Samuel
H. Turrill and Aaron Haven to Charles Haven," and in the
copy certified by the recorder, they are described as the parties
of the first part, but it purports to be signed by James H. Tur-
rill.   These facts are sufficient to create a belief that it was
signed by Samuel H, but not of themselves strong enough to
overcome the legal presumption, that it was signed as it pur-
ports to have been.   But Aaron Haven, who was a partner or
joint owner of the property, and jointly executed the deed,
swears that it was in fact signed by Charles H. Turrill and

not by James. This renders it morally certain that the recorder made a mistake in transcribing the original upon his records.

There can be no question of the right of a party to prove the contents of a lost deed. Nor is there any doubt that, had the original been produced, executed as this purports to have been, and acknowledged by Samuel as this from the copy purports to have been, it could be proved he executed the deed by the name of James instead of Samuel, his true name. We therefore can see no reason why it could not be proved by a person who knew how the deed was, in fact, signed, that it was by the name of Samuel H. Turrill.

It is again urged that the deed executed by Hooper to Turrill and Haven, should not have been introduced in evidence, for the want of proof that the notice of the sale had been given as required by the trust deed. The deed itself recites that the notice required had been given, and that the sale was made at the time and place named in the notice, which was at the door of the court house in the city of Pekin. The deed recites that due notice was given, and although the date of the notice is not given in the deed, nor is the name of the newspaper, although blanks were left for their insertion, the recital that the trustee duly advertised the premises, as to strangers, and third persons, must be held sufficient.

It is also urged that, as the trust deed declared that the property should be sold on the premises, and they were sold at the court house door, that the sale was void. When Egan executed and delivered the trust deed to Hooper, he thereby transferred the title in fee to him upon the trusts specified in the deed; and had Hooper conveyed without any notice, and on a private sale, the title would have passed to the grantee, although subject to be defeated by either Egan or Turrill and Haven. Such a conveyance would not have been void, but only voidable, by the grantor in the trust deed, or the persons to secure whose debt it was executed. Not being void, but only voidable, mere strangers can not be heard to impeach the transaction. The manner in which the sale was required to be

conducted, was inserted for the protection of Egan on the one part, and Turrill and Haven on the other. Had they filed a bill within a reasonable time to avoid this conveyance, then a very different question would have been presented.

We are aware, however, of no rule of law that permits mere strangers to the deed, and for whose benefit the mode of conducting the sale was not inserted, to raise the objection; and so far as this record discloses, appellants are strangers to the entire transaction, and hence they are not in a position to raise the question whether a proper notice was given or the sale made at the proper place. The previous decisions of this court in which the objections here urged were held valid, were where the debtor or creditor for whose security the directions as to the manner of conducting the sale were inserted, were the parties seeking to avoid the sale. Hence there is a distinction between them and the case at bar.

The judgment of the court below is affirmed.

*Judgment affirmed.*