# THOMAS A. JACKSON *et al.*

## *v.*

# GEORGE P. SPINK.

1. SHERIFF'S SALE—*voidable—adjourned.* A sheriff, after giving the requisite notice of time and place of the sale of land, under an execution, and on the day named in the notice, at the request of plaintiff's attorney, adjourned the sale for one day, when the property was offered and bid in by the plaintiff in execution, and after receiving a deed, the land was sold to third persons, and by *mesne* conveyances came to defendant: *Held,* that such an adjournment did not render the sale void, but voidable by appropriate proceedings commenced in apt time.

2. SAME—*ratification—waiver of irregularities.* The acquiescence in such a sale, by the defendant in execution, for about seven years, must be regarded as a ratification of the irregularity in the sale, and the heirs of the defendant in execution can not take advantage of the non-compliance with the statute in making the sale. Nor can such an irregularity be urged in a collateral proceeding.

3. This irregularity, like the failure to sell in smaller tracts when land is susceptible of division, or selling the land on which the debtor resides before his other lands have been sold, may be waived by the execution debtor.

4. SAME—*return of sale not essential.* It is not necessary to the validity of the sale of real estate, that the officer should make a return of the sale on the execution. The law does not require it. The purchaser may rely upon the judgment, the execution and the sheriff's deed. His title will not be affected by an imperfect return, or the want of a return. The deed is evidence that the law has been complied with, until the contrary is shown. The cases of *Thornton* v. *Boyden,* 31 Ill. 200, and *Botsford* v. *O'Conner,* 57 Ill. 72, considered and limited.

5. CERTIFICATE *of register of land office—title subject to levy and sale.* The certificate of the register of the United States land office, of the entry of land, confers such a title on the purchaser as may be levied upon and sold under attachment or execution. Although he may not technically own the fee, he has such a title as is liable to such a sale.

APPEAL from the Circuit Court of Cook county ; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of ejectment, brought by Thomas A. Jackson, Jonathan Jackson, Oliver Jackson and Mary Jackson Griener, in the circuit court of Cook county, against

George P. Spink, for the recovery of a tract of land in Cook county.   The cause was tried by the court without a jury, by consent.

Plaintiffs read in evidence, register's certificate of the entry of the land in controversy, by Henry S. Handy; the proceedings in an attachment suit, by Henry Green against Handy, in the circuit court of Cook county, resulting in a judgment; a special execution ordering the sale of the land, and certificate of purchase by the plaintiff in execution; a deed from the sheriff to Levi Green, the assignee of the sheriff's certificate of sale, and *mesne* conveyances from him to the father of the plaintiffs.   It was agreed, on the trial, that the United States Government issued a patent to Handy on his entry for the land.

The plaintiffs proved the death of their father, and their heirship.   They proved payment of taxes under the deed to their father as claim and color of title, etc.   The court below found the issues for the defendant, and after overruling a motion for a new trial, rendered judgment against the plaintiffs, from which they prayed and perfected an appeal to this court.

Messrs. SCAMMON, McCAGG & FULLER, for the appellants.

Mr. JOHN BORDEN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellants brought their action of ejectment in the court below, and failed in the suit.

We shall not consider the right to recover under the eighth section of the conveyance act, by proof of color of title made in good faith, payment of taxes and possession.

The chief question is, the goodness of the paper title of the plaintiffs.

Two objections are taken to the sheriff's deed.   It is urged that it is void:

406 JACKSON *et al. v.* SPINK. [Sept. T.,

Opinion of the Court.

*First.* Because of the adjournment of the sale, by the sheriff, for one day, at the request of the attorney of the plaintiff in the execution.

*Second.* Because, at the time the writ of attachment was levied upon the land, the defendant in the writ had only a register's certificate as evidence of title.

The plaintiffs in the ejectment suit are the heirs of Jackson. He purchased of Ogden and Jones, and they of the grantee in the sheriff's deed.

The defendant was in possession of the land, and claimed title under the heirs of the defendant in the execution.

The plaintiff in the execution was the purchaser at the sale; and the defendant therein survived the sale over seven years, but never complained of the irregularity, nor made any motion to set it aside.

Was the sale void, or only voidable?

The statute which we are now asked to construe, provides that no lands shall be sold, by virtue of any execution, "unless the time and place of holding such sale shall have been previously advertised, for the space of twenty days, by putting up written or printed notices thereof, in at least three of the most public places in the county where the lands may be situated, specifying the name of the plaintiff and defendant in the execution," and also describing the land with sufficient certainty; and if the officer should sell otherwise than in the manner, or without the notice, provided, he shall forfeit $50 for every offense; but no such offense, nor any irregularity, shall affect the validity of the sale, unless it shall be made to appear that the purchaser had notice of the irregularity. R. S. 1845, p. 302, sec. 11.

If it had been the intention of the legislature to declare all sales void, on account of the mere omissions of the officer, in the discharge of his duty, the addition of a few words would have accomplished the object.

To ascertain the legislative intent, we must look at the entire act. Upon a careful reading of the chapter under consid-

eration, it will be seen that there was a studied avoidance to declare any act of the sheriff void for neglect of duty.

Besides the requirement as to notice of the sale, the sheriff is required to indorse upon every execution the time of reception; to exhaust the other lands of the debtor, before a levy upon the lands on which he may reside, or his personal property ; and to sell the real estate in separate parcels, whenever it is susceptible of division.   But it is not said that the omission to follow any of these directions, shall make the sale a nullity.   This silence, coupled with the provision that the officer shall be subject to a forfeiture for non-compliance, strongly indicates that these requirements are merely directory to the officer.

A failure to make the proper indorsement, or to sell in proper sub-divisions, would not vitiate a sale, after long acquiescence by the debtor; but there must be, within a reasonable time, a direct application by the party injured, to have it annulled.   The language of the statute is as positive, in these instances, as in regard to the notice of the sale.

Look at the effect upon judicial sales, if the law be declared that they are void for want of the exact notice required. Persons would be deterred from bidding if they were bound to prove a strict observance of the statute, and the consequence would be, that property must be greatly sacrificed, or, perhaps, sales entirely checked.   Parties would not purchase if they knew that they were compelled, in order to maintain a title, to prove the performance of every duty imposed upon the officer.   The necessary consequences would be injurious to both the creditor and the debtor.

There is neither complaint nor proof, in this case, that the land did not sell for its full value.   If any injury resulted, it was to the defendant in the execution.   He had, unquestionably, the right, upon application and notice in apt time, to have the sale set aside ; or he had his remedy against the sheriff, if damnified by his conduct.   He has never been heard to murmur ; but with full knowledge of the judgment, he acquiesced

in the sale to the time of his death—more than seven years thereafter. His heirs and their grantee ought to be precluded from claiming any benefit arising from the irregularity, in this action of ejectment.

The plaintiffs in this suit, remote grantees of the purchaser at the sheriff's sale, were purchasers, in good faith, for a valuable consideration, and had the right to rely upon the long and silent submission of the defendant in the execution, to the alleged neglect of the officer, as an acknowledgment that the title was unquestioned.

The very language of the *proviso,* attached to section eleven, shows, conclusively, that the legislature did not intend to declare the sale void on account of any irregularity of the officer. The language is: " *Provided, however,* that no such offense, nor shall any irregularity on the part of the sheriff, or other officer, having the execution, be deemed to affect the validity of any sale made under it, unless it shall be made to appear that the purchaser had notice of such irregularity."

The meaning of this proviso is plain. It says, in express terms, that, if there be no notice to the purchaser of the omission of the officer, the sale shall not be affected thereby.

The mere non-compliance, then, with the statute, does not, of itself, make the sale a nullity ; there must be coupled with it, notice to the purchaser.

In one contingency, the sale is not void—not even voidable. Did the legislature intend that the same irregularity should make the sale an absolute nullity, if there were notice to the purchaser, but should not disturb it if there were none ?

We think not. The meaning of the statute is, that, where an irregularity exists, known to the purchaser, the debtor may, within a reasonable time, either by motion or bill in chancery, according to circumstances, have the sale set aside.

Counsel for appellee assumes, that, in order to sustain a sheriff's deed, besides the judgment and execution, a return upon the execution must be shown. Such is not the law. The purchaser has the right to rely upon his judgment, execution

and levy upon the property, and his deed. He can not be affected by an imperfect return, or by the fact that no return whatever was made. The statute says that the deed shall be evidence that the law has been complied with, until the contrary be shown. *Philips* v. *Coffee,* 17 Ill. 154; *Doe ex dem. Wolf* v. *Heath,* 7 Black. 154; *Wheaton* v. *Sexton's Lessee,* 4 Wheaton, 503; *Kinney* v. *Knœbel,* 47 Ill. 417.

It has been fully settled by this court, in cases somewhat analogous to the present case, that a sale under the circumstances is only voidable; can only be corrected by the defendant in the execution; that he must act promptly, and that it can not be disturbed in a collateral proceeding. *Swigert* v. *Harber,* 4 Scam. 364; *Philips* v. *Coffee, supra; Wimberly* v. *Hurst,* 33 Ill. 166; *Fergus* v. *Woodworth,* 44 Ill. 374; *Hamilton* v. *Quimby* 46 Ill. 90; *Nixon* v. *Cobleigh,* 52 Ill. 387; *McConnell* v. *Gibson,* 12 Ill. 128.

In *Trustees* v. *Snell,* 19 Ill. 156, it was held, that insufficient notice of the time of sale made it voidable only.

In *McCormick* v. *Wheeler,* 36 Ill. 114, it was decided, in an action of ejectment, that the omission to specify the hour of sale in an advertisement can not be presented as an objection to the sale, by third persons, and that it did not make the sale void.

In *Hamilton* v. *Lubukee,* 51 Ill. 415, it was held, that a mortgagor must avail himself of an alleged irregularity, on account of a defective notice, and other matters affecting the sale, in apt time; and that the sale was not void, but voidable only.

Want of proper advertisements by the officer, may be waived by the acts of the party. *Griffith* v. *Bogert,* 18 How. U. S. 158.

It has been decided, by the court of appeals of Kentucky, under a statute requiring notice of all sales to be given by the sheriff, that a failure to advertise according to law, would not make the sale of the land void. *Hayden* v. *Dunlap,* 3 Bibb, 216.

In *Doe ex dem. Osborne* v. *Woodson,* 1 Haywood, L. & E., N. C. 24, it was held, that the fact that there was not forty

days' advertisement, or, that the land was not sold until a day or two after the day appointed, will not vitiate the sale.

See, also, *Turner* v. *McCrea*, 1 Nott & McCord, 11; *Jones* v. *Fulgham*, 2 Murphy, 364.

We have been referred to some cases which hold that a deed of the officer is void because the sale was not made in conformity with the statute.

*Curtis* v. *Swearingen*, Breese, 139, and *Smith* v. *Cockrill*, 6 Wallace, 756, are in conflict with the view we have taken; but the more recent rulings of this court are in harmony with the rule we have announced; and the statute in force at the time the case in Breese was decided, was wholly different from the present statute.

The facts in the cases of *Thornton* v. *Boyden*, 31 Ill. 200, and *Botsford* v. *O'Conner*, 57 Ill. 72, did not require the allusion made in them to a sheriff's sale, and we must regard the remark as *obiter dictum*.

The one was in regard to a trustee's sale, the other an administrator's sale, and it is apparent that the remark relied upon was made merely to illustrate the principle enunciated.

The second point can be more briefly disposed of.

It is contended that the defendant in the writ of attachment had only an equitable interest in the land; that the writ could not be levied upon such an interest; and therefore no title passed to the purchaser.

Without reference to the facts—that the defendant in the writ entered his appearance; that a judgment *in personam* was rendered, and that he had received a patent prior to the rendition of the judgment—we do not think that the certificate of the register of the purchase of the land, evidenced only an equitable interest.

The statute in force at the time declared that the certificate of the register should be deemed evidence of title, and should be sufficient to entitle the purchaser to recovery of the possession of the land, in any action of ejectment or forcible detainer. R. S. 1833, 280.

When the patent did, in fact, issue, it related back to the inception of the right of the patentee, created by the certificate. *Stark* v. *Storrs*, 6 Wallace, 402.

The debtor had a title, upon which he could recover in ejectment; which he could alienate; which could be sold on execution; which he could devise, and which could only be defeated by a bare possibility.

In the chapter entitled "Judgments and Executions," it is enacted, that the lands, tenements and real estate of every person shall be liable to be sold upon execution; and, in section three, it is provided, that the legal holder of any certificate of purchase of lands, from the United States, shall be deemed to be within the true intent and meaning of the chapter. R. S. 1845, 301.

The attachment law itself, in the first section, says that the "lands and tenements" shall be attached. But in giving the form of the writ, the officer is commanded to "attach so much of the estate, real and personal," etc.

In view of the entire legislation in reference to these certificates, we may safely hold, that, if they do not constitute a strictly legal title, they are entirely different from a mere equitable interest in land.

A reasonable construction must be given to these various statutes; and it evidently was the object of the legislature to subject lands, purchased from the United States, and for which a certificate had been issued, to levy by attachment as well as by execution.

In *Gray* v. *McCance*, 24 Ill. 344, it is said, that a party, purchasing land of the United States, to which no pre-emption rights attach, acquires in it a vested right; and that the land becomes the property of the purchaser, and may be aliened and disposed of by him.

In *Carroll* v. *Safford*, 3 How. U. S. 459, it was held, that, upon payment for the land, and the issue of the certificate, the land was no longer the property of the United States, but of the purchaser; that, though technically the fee might be in

the United States, the land was real estate in the hands of the purchaser; descended to his heirs, and not to his executors; was subject to tax, "as lands owned by non-residents;" and that the purchaser was protected as fully under the certificate, as under the patent.

If real estate, thus purchased and owned, can be sold "as lands," for taxes, why is it not subject to levy by attachment for debt?

We are of opinion that the levy of the writ of attachment was valid.

There is no necessity to advert to the other questions presented.

The plaintiffs showed paramount title, and are entitled to recover.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*