The County Court of Pope County for use of Jeremiah S. Deen

*v.*

John B. Shepard *et al.*

Official bond—*whether to county court—names rejected as surplusage.* Where a constable's bond was made payable to "John M. Boicourt, county judge of Pope county, and to Andrew J. Lisk and B. W. Holloway, *associate justices of said court,* and to their successors in office, for the use of,*" etc., it was *held,* that the same was payable to the "county court" of the county, the names being regarded as surplusage, and therefore, that an action thereon was properly brought in the name of "the county court of Pope county."   .

Writ of Error to the Circuit Court of Pope county; the Hon. David J. Baker, Judge, presiding.

This was an action of debt against a constable and his sureties upon his official bond. The court below sustained a demurrer to the declaration and rendered judgment against Deen for costs. To reverse this judgment the plaintiff sued out this writ of error.

Messrs. Green & Gilbert, for the plaintiffs in error.

Mr. James M. Warren, for the defendants in error.

Mr. Justice McAllister delivered the opinion of the Court:

We are unable to perceive any substantial difference between the way the obligee is described in the official bond sued on in this case, and that in *Long* v. *County Court of Scott County,* 27 Ill. 384. Here, the bond is payable to "John M. Boicourt, county judge of Pope county, State of Illinois, and to Andrew Lisk and B. W. Holloway, *associate justices of said court,* and to their successors in office, for the use of," etc. In the case referred to, the bond was payable to "William Leighton, Robert Husband and Jesse Husted, county justices, together constituting the county court of the county of Scott and State of Illinois, and their successors in office, for the use of," etc. The decision was placed upon the ground, that, by its terms, the bond was payable to the persons named who constituted the court; that the names of the individuals composing the court might be rejected as surplusage, and the bond regarded as payable to the county court.

In *Boice et al.* v. *Gilbert et al.* 29 Ill. 527, the obligees were described as "Samuel S. Gilbert, county judge, George A. W. Cloud and George Judd, justices of the county of Macoupin, and unto their successors in office, for the use of," etc., and it was held, the county court could not be regarded as the actual obligee of the bond, because it could not be ascertained, from the description, that the officers named constituted the county court. "We know," said the court, "that the county court is composed of the county judge, and two justices of the county, designated in a particular mode for that purpose; but there is nothing to show that these two justices were designated for that purpose. For aught that appears these justices may have been just common ordinary justices of the peace." These were the reasons assigned for holding that

the bond, in that case, could not be regarded as, in legal effect, payable to the county court. It seems to us, the bond in question contains words, in the designation of the obligee, which supply precisely what was lacking in that which was the basis of the action in the case just referred to. Those words are: "Associate justices of said court." Boicourt is named as county judge of Pope county. The court of which he was member was the county court. Then follows the names of Lisk and Holloway, "associate justices of said court," meaning, of course, associate justices of the county court. By rejecting the names of the individuals as surplusage, the bond may be regarded as payable to the county court of Pope county, and the action was properly brought in that name. The bond is set out *in hæc verba* in the declaration, which contains the averment that the individuals named composed the county court of Pope county.

The demurrer was improperly sustained to the declaration, for which the judgment will be reversed, and the cause remanded, with directions to overrule the demurrer and permit defendants to plead over.

*Judgment reversed.*