The opinion of the Court was delivered by
Johnson, J.
So far as I am informed, it has been the invariable usage to incorporate in the sheriff’s deed a recital of the authority under which he sold, and I am satisfied that a strict adherence to that usage, would be productive of no mischief, but on the contrary, of great convenience, as well to the sheriff as to the purchaser. It would point the former to his authority to sell, if he was called on to answer, and would facilitate the latter in deriving his title. But I am persuaded that it was not indispensable. The bare recital[1] in a deed, is not a substantial and efficient part of it, nor is it evidence of the facts recited, except between the immediate parties to it. Philips on Evidence, 356. The only object for which they are introduced, is to furnish a clue by which, at a remote *582 period, those interested may, with facility, ascertain from what sources their title is derived. Preston, in his Treatise on Conveyancing, 177, remarks that the deed or will, from whom the title was derived, ought, in most cases, to be recited, or, at least, there should- be a reference to them, and all such other facts should be disclosed, as would show the right. This, he says, will greatly aid the title at a future period. It will lead to the documents on which the title is grounded; or should they be lost or destroyed, will tend to satisfy future purchasers, that the title is correctly deduced. This, he adds, however, *can be done with prudence in those instances only, in which the title rests on clear grounds, and is not involved in difficulty, for on the one hand, no convey-ancer of integrity will state that as a fact, which does not exist. And on the other, it is his duty to keep his client’s title free from a disclosure, which, at a future period, might involve the title in increased difficulty, or raise a suspicion of its validity. The same doctrine will also be found in Hobart, 160. Vide 4 Cruise Dig. 257.
It would appear from these authorities, that a recital in a deed might or might not be made at discretion, and consequently a misrecital of that which is legally immaterial, is unimportant.[1] It is not the recital ofa power or authority to sell and convey, which gives the right, nor is it evidence of the right; it is sufficient that the right did exist, and that the seller acted upon it. As a general rule, therefore, it is not necessary, and I am unable to see any distinction as applicable to sheriff’s deeds, although I readily admit its usefulness.' The levy and sale invests him with the title, so far as to enable him to convey, and he does convey ; and it is incumbent on the party claiming under him to show these powers ; the recital will not do it. An argument, ab inconvenienti, opposed to this position, is drawn from the difficulty that would arise in tracing a title without this recital at a distant period. But that sufficiently also exists in every conveyance which does not recite the whole chain of title, and the purchaser may avoid it by memoranda of his own, which will answer all the purposes of a recital in the deed.
On the other question in this ease, I think there is no difficulty. The Act of the Legislature of 1759, P. L. 250, 2 Brev. Dig. 1, subjects lands and other hereditaments and real estates, to be taken in execution, in -payment of debts.[2] These terms cover, I believe, every vested interest that a man can have in lands, and that they do the fee, will not be disputed. The fee simple of the lands in dispute, vested in the defendant, *3501 un(^er Revise, on the death of the testator,* notwithstanding J the life or other estate carved out for the widow, and was therefore the legitimate subject of levy and sale.[3] See 2 Bac. 699, tit. Execution, b. 2. Roll. Abr. 473. 2 Dali. 233. It is argued, however, that an entry by the sheriff, for the purpose of levying during the existence of the life estate, would be a trespass on the rights of the tenant for life. This difficulty may, I think, be obviated, even if an entry be necessary, which I am disposed to question. If the law authorizes an entry, it must, of necessity, afford a protection for that purpose, so far as is necessary.
M'Duffie, for the motion. Noble, contra.
On both the grounds, therefore, I am of opinion the motion ought to be dismissed.
Colcock, Richardson and HugeR, JJ., concurred,

 See Horry v. Frost, 10 Rich. Eq. ; 2 Sp. 468.

 2 Bail. 361.

 Stat. 90, adopting Stat. 5 Geo. 2, ch. 7; 2 Stat. 570.

 Post. 392; Wend. 65.

 1 McC. 258.