[No. 5232.]

JENNETT B. FROST *v.* THEODORE MEETZ AND E. B. MASTICK.

NOTICE OF INTENTION TO MOVE FOR NEW TRIAL.—If the statement, as settled, recites that the defendant had given notice of his intention to move for a new trial, it will be intended that the notice given was in due time and form.

NEW TRIAL WAIVER.—Unless it appear that the respondent objected in the Court below to the want of proper notice of intention to move for new trial, she will be deemed to have waived the objection. (Sec. 246 of Practice Act of 1851.) It was held in *Hibberd* v. *Smith*, 50 Cal. 518, and *Chapin* v. *Broder*, 16 Cal. 421, that a Sheriff's return showing the sum for which mortgaged premises had been sold, authorized the Clerk of the Court to issue execution against the general property of the debtor for the balance of the mortgage debt, and that the docketing of the judgment prior to the *return* created a lien on the general real estate of the debtor from the filing of the return.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

The action is ejectment. The Court below rendered judgment in favor of the plaintiff, and defendant appeals from the order denying a motion for a new trial and from the judgment.

Plaintiff relied upon a conveyance from Gideon Aughinbaugh, dated October 15th, 1855, to one Tinsley, from whom she derived by mesne conveyances. The defendant introduced the judgment-roll in the foreclosure suit of *S. W. Moss* v. *Gideon Aughinbaugh and Wilson Flint*, rendered November 21st, 1854, and docketed November 22nd, 1854; also the order of sale and Sheriff's return.

The further necessary facts are recited in the cases of *Chapin* v. *Broder* and *Hibberd* v. *Smith*, referred to in the opinion and in appellant's points.

*H. H. Haight* and *Edward R. Taylor*, for Appellant.

The action is ejectment for lands in Alameda County. Both parties claim under the same source of title—Gideon Aughinbaugh. Plaintiff claims under a conveyance made by Aughinbaugh to one Tinsley in October, 1855. Defendant Meetz claims under two execution sales, one had under a judgment recovered against Aughinbaugh by Drexel, Sather, and Church, and the other recovered against Aughinbaugh by Samuel Moss. These actions against Aughinbaugh were brought to foreclose mortgages, and the execution sales were made for the purpose of satisfying deficiencies.

The evidence in the case, and the facts found in *Chapin* v. *Broder*, 16 Cal. 407, show that in the Moss case the deficiency was filed on the 24th of August, A. D. 1855. The return on the order of sale showing deficiency is dated July 31st, 1855, and it is marked filed by the Clerk August 24th, 1855.

The deficiency in the Drexel, Sather, and Church case was reported on July 24th, 1855, as is stated in *Chapin* v. *Broder*, *supra*, where all the facts in regard to the cases under discussion are fully set out. The transcript shows the return on the order of sale to be dated by the Sheriff on the 24th day of July, 1855; but there is no indorsement of filing by the Clerk. In *Chapin* v. *Broder* the referee found the deficiency was "*reported*" on the 24th of July, 1855, page 407, and the Court say that the report of this deficiency was "*filed*" on the same day.

Whatever title to the land in controversy passed by the Sher-

iff's deeds issued in the two cases had been acquired by the defendant Meetz before the commencement of the action, except some undivided interests which, so far as the record shows, are still outstanding, the only title of plaintiff being that derived from the deed to Tinsley of October, 1855.

Plaintiff contended that no title had been acquired under the Moss judgment, because the Sheriff's deed mis-recited the day of sale; and none under the Drexel, Sather, and Church judgment because the report of deficiency had never been filed.

The Court, deeming both points to be well taken, gave judgment for the plaintiff, and subsequently denied defendant's motion for a new trial. This appeal is taken from that order and from the judgment.

Under *Chapin* v. *Broder, supra,* recently affirmed in *Hibberd* v. *Smith,* it is conceded by plaintiff that she cannot recover if defendant can show title under either the Moss judgment or the Drexel, Sather, and Church judgment.

As to the Drexel, Sather, and Church title, the circumstances of the case show that the report of deficiency was filed prior to the taking effect of the deed under which plaintiff claims. It is stated in *Chapin* v. *Broder, supra,* that the report of deficiency was filed on the 24th day of July, 1855. The facts, as developed in the case at bar, are, that the Sheriff was directed in the order of sale issued on the judgment to make and file his report of such sale within sixty days from the date of receipt of the order. The Sheriff's report is dated July 24th, 1855, and is properly signed. The order of sale and report were found with the other papers in the case, and bore every appearance of age; and the Clerk of the Court testified that he had produced the order and report from the files, and that they were there when he first assumed office, some three years previously. Yet, in the face of all this, and simply because the Clerk, at the time he received the papers, neglected to indorse the report as filed, the Judge, in his opinion denying the motion for a new trial, stated " that there was no report of deficiency even in fact filed." And this, too, notwithstanding that it had been held sixteen years previously that the report *was* filed—and so created a lien on all the real property of the judgment-debtor.

It is conceded that the balance to be recovered of the judgment-debtor was " ascertained and fixed," as it is said in *Chapin* v. *Broder, supra,* it must be, and indeed the report of the Sheriff shows this conclusively ; but the judicial sale thereafter, had to satisfy this balance, must fall to the ground, forsooth, because of a clerical misprision—not because the Clerk did not file the paper, but because he did not say, by a writing on its back, that he *had* filed it.   Now, it is an old rule of law, that everything done by sworn officers is presumed to have been regularly done, and that all such officers are presumed to properly discharge their duties. Hence, as in the present case it was the duty of the Sheriff to make and file his report within sixty days, the presumption is that he discharged this duty.   Indeed, it was his duty to make and file the report as soon as he had ascertained the deficiency, and it is said in *Chapin* v. *Broder, supra,* that he did so, for the filing is given as of the same date with the report.

The following are some cases where the presumptions just named have been held to apply : *Hilts* v. *Colvin,* 14 Johns. 182 ; *Hickman* v. *Skinner,* 3 Mon. 211 ; *Ritter* v. *Scannell,* 11 Cal. 248 ; *Curtis* v. *Herrick,* 14 Ibid. 119 ; *Webber* v. *Webber,* 1 Met. (Ky.) 18 ; *Anderson* v. *Sutton,* 2 Duval, 485.

II.   As to the Moss title, the mis-recital in the sheriff's deed is immaterial.   We have yet to find a single case where the mis-recital has been held to be fatal, if it has been shown that the sheriff had authority to sell, and did in fact sell in pursuance of such authority.   The following cases are decisive : *Humphreys* v. *Beeson,* 1 G. Greene, 199, 214 ; *Perkins* v. *Dibble,* 10 Ohio, 433 ; *Armstrong* v. *McCoy,* 8 Ham. (Ohio) 128 ; *Huggins* v. *Ketchum,* 4 Dev. & B. 414 ; *Cherry* v. *Woodlard,* 1 Ired. 438 ; *Driver* v. *Spence,* 1 Ala. N. S. 540 ; *Jackson* v. *Jones,* 9 Cowen, 182 ; *Sneed* v. *Reardon,* 1 A. K. Marsh. 217 ; *Jackson* v. *Streeter,* 5 Cowen, 529 ; *Welsh* v. *Joy,* 13 Pick. 477 ; *Craig* v. *Vance,* 1 Over. 209 ; *Jackson* v. *Pratt,* 10 Johns. 381 ; *McGuire* v. *Kouns,* 7 Mon. 386 ; *Philips* v. *Coffee,* 17 Ill. 154 ; *Harrison* v. *Maxwell,* 2 Nott & McC. 347 ; *Loomis* v. *Riley,* 24 Ill. 307 ; *Buchanan* v. *Tracey,* 45 Mo. 437.

In *Cherry* v. *Woodlard,* and *Buchanan* v. *Tracey, supra,* the error was one of dates as in the case at bar.   In *Armstrong* v.

*McCoy, supra,* it is said (p. 133) that " a distinction must be made between those cases where a deed, not produced, is the commencement and end of title, and those where the deed, having for its foundation a train of judicial proceedings, is only the consummation of that title. In the first instance, the testimony to supply the production has no necessary connection with 'the deed ; in the second, it may constitute the whole authority for its execution, and may be evidence of a higher nature than the deed itself."

Now, in the case at bar, the record shows that the order of sale was issued on the 27th day of June, 1855 ; that the return on the order was filed August 24th, 1855 ; that the execution for the deficiency was issued on the 29th day of November, 1855 ; and that the sale under the execution took place on the 7th of January, 1856, and not in 1855, as mis-recited in the deed. And that the recital may be aided by the return on the execution is held in *Welsh* v. *Joy, supra.* To the same effect is *Blood* v. *Light,* 38 Cal. 653 ; *Cooper's Lessee* v. *Galbraith,* 3 Wash. C. C. 546 ; *Hunt* v. *Loucks,* 38 Cal. 382.

III. Plaintiff's motion to strike defendant's statement from the files was heard at the same time with defendant's motion for a new trial ; but the Court below seemed to pay no attention to it, the motion for a new trial having been denied on the merits. (*Quivey* v. *Gambert,* 32 Cal. 304.)

*Jennett B. Frost,* for Respondent, *in propria personam.*

I. The statement on motion for new trial was never served on the plaintiff's attorney, (as required by sec. 659) nor was a copy thereof. There is no evidence that it was, but there is solid evidence that it was not.

Judgment was rendered in the District Court the 29th day of November, 1875 ; not until the 11th of December, 1875, did defendant serve notice ; thirteen days passed, when by the Code of Civil Procedure, sec. 659, it should have been done within ten days. These points alone should cause the appeal in this case to be dismissed.

II. Now as to the merits of the appeal, I beg leave to suggest that it is quite innocent of any such thing.

The transcript, on examination, shows that both parties claim title from and under Gideon Aughinbaugh; that Aughinbaugh deeded to Tinsley October 15th, 1855; that plaintiff claims title under the deed to Tinsley.

Defendant Mastick let judgment go by default. He being a counselor of this Court, it is fair to presume he knew what he was doing, knew his own rights and interests, and had some regard for his reputation.

The defendant Meetz gave in evidence certain evidence, to wit: *Samuel Moss Jr.* v. *Gideon Aughinbaugh and Wilson Flint,* judgment rendered 21st November, 1854, (a foreclosure case) $17,130, and order of sale thereon, issued 27th June, 1855, and Sheriff's return thereon, dated July 31st, 1855, showing a balance or deficiency. Then an execution was issued to make up the deficiency, *dated 29th of November,* 1855, which execution was not levied till December 17th, 1855.

Now be it remembered, that on the 15th day of October, 1855, forty-five days *before* this execution was *issued,* and two months and two days before it was levied, Aughinbaugh sold the demanded premises to Tinsley, under whom plaintiff claims title. Hence it appears that no title *could* pass by a sale on that execution. This clearly disposes of that branch of the defense.

Again, the Sheriff never reported a deficiency on the order of sale.

The second act in the "Comedy of Errors" runs thus: *Samuel Moss, Jr.* v. *Gideon Aughinbaugh and Wilson Flint.*

Judgment for plaintiff rendered November 21st, 1854; order of sale issued on said judgment 27th of June, 1855; Sheriff's return thereon dated July 31st, 1855. The recital in the deed to J. Mora Moss, under which defendant claims title, shows that the land was sold for an alleged deficiency January 7th, 1855, seven months and twenty days before the sale of mortgaged premises on the order of sale issued on the decree of foreclosure.

This recital is conclusive as between parties and privies, and *prima facie* as to strangers. (*Hihn* v. *Peck,* 30 Cal.) Besides, it is the Sheriff's deed which proves the sale. (*Blood* v. *Light,* 38 Cal.)

Again, this deed shows upon its face that its predicate is the case of Samuel Moss Jr., by J. Mora Moss, J. B. Bayerque, and Lucien Hermann, plaintiffs, against G. Aughinbaugh and Wilson Flint, defendants. Now the record does not show any such judgments; hence there is no predicate for this deed. And no deed is given in evidence based upon the judgment given in evidence, to wit: *Samuel Moss Jr.* v. *Aughinbaugh and Flint*, on which defendant relies, as his brief shows on page 2. The sheriff's deed to Drexel, Sather & Church, I have already shown to be void, because there was no report of deficiency filed with the Clerk, or even made by the Sheriff. (*England* v. *Lewis et al.*, 25 Cal. p. 337; *Hihn* v. *Peck*, 30 Cal. p. 287.) It is clear, therefore, that the defendant has failed to show even a shadow of title. There is therefore no error in the record, and judgment should be affirmed.

By the COURT:

1. The statement and bill of exceptions on motion for a new trial were settled by the Judge of the Court below on the 9th day of February, 1876, and on the 31st of March following the motion for a new trial was denied. It is now contended by the respondent that the right to move for a new trial in the Court below had been lost, by a failure to give the required preliminary notice of intention to move for such a new trial.

But we think that this objection is not open to the respondent. The statement as settled sets forth that the defendant *had given the notice*—" And the defendant Meetz having given notice of his intention to move for a new trial," etc., and by this will be intended a notice given in due time and form. Nor is the position of the respondent upon this point aided by a resort to the affidavits found in the printed transcript on file here. For if those affidavits be taken to be part of the record on this appeal, there is found the uncontradicted allegation by the counsel for appellant, that the respondent appeared at the settlement of the statement, proposed amendments thereto, and did not then allege the want of proper notice of intention to move for a new trial, nor object to the settlement of the statement on that ground.

The decision denying the motion for a new trial, made below, does not appear to have proceeded upon the supposed want of notice of intention, but upon the determination of the questions presented by the motion itself. The intendment to be indulged here, therefore, is that the Court below found that the respondent had waived the objection.

2. The judgment and proceeding in *Moss* v. *Aughinbaugh* were substantially like those in *Hepburn* v. *Chipman*, considered in *Hibberd* v. *Smith*, 50 Cal. 518, and those in *Drexel, Sather & Church* v. *Aughinbaugh*, commented on in *Chapin* v. *Broder*, 16 Cal. 421.

In the cases referred to it was held, in effect, that the return of the Sheriff, showing the sum for which the mortgaged premises had been sold, authorized the Clerk to issue execution against the general property of the judgment-debtor, for the balance of the mortgage debt, and that the docket of the judgment, made prior to the *return*, constituted a lien on the general real estate of the defendant from the filing of the *return*.

Much stress was placed in argument upon the circumstances that the record in *Moss* v. *Aughinbaugh* contains no formal report of the deficiency, and it is urged that the failure of the Sheriff to make the subtraction and report the balance deprived the judgment-creditor of the benefit of his lien on the general real estate of the debtor. But the creation of the lien or its amount did not depend on the action of the Sheriff, whose duty was simply to perform the acts required of him by law.

Sec. 246 of the Practice Act of 1851 reads: "In an action for the foreclosure or satisfaction of a mortgage of real property, or the satisfaction of a lien or incumbrance upon property, real or personal, the Court shall have power, by its judgment, to direct a sale of the property, or any part of it; the application of the proceeds to the payment of the amount due on the mortgage, lien, or incumbrance, with costs, and execution for the balance." Prior to 1860, when sec. 246 was amended, there was no provision for the docketing of a deficiency, but the docket of the judgment in a mortgage foreclosure had no effect until the return of the Sheriff on the order of sale, when a lien attached, by reason of the previous docket, for the

amount of any balance uncollected by sale of the lands mortgaged. But sec. 246, as it stood originally, did not require any formal report of sale showing in terms the amount of a deficiency, to be approved by the Court, or any such report; nor did the amendment of 1860 require anything more than the return of the Sheriff of the amount for which the mortgaged premises had sold. The words of the amendment are: "*If it shall appear from the Sheriff's return* that there is a deficiency of such proceeds *and a balance* still due to the plaintiff, the judgment shall then be docketed for the balance," etc. Such is the law at present in this respect.

Of course, neither the Clerk nor Sheriff can adjudge any sum due from a defendant to a plaintiff. The authority of each extends to the mere matter of computation, and it can in no way affect the substantial rights of either party to the action, whether the subtraction is made by the Sheriff or Clerk. If either of these officers makes a mistake in the calculation, the party injured by the error may call the mistake to the attention of the Court.

That the figure *five* was inserted by mistake for the figure *six* in the Sheriff's deed to J. Mora Moss is apparent on an inspection of the instrument.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.