### EX PARTE CRAWFORD & SONS.

#### *IN RE* BROOKS v. ADAMS.

An executor brought his action for partition and settlement of the estate, and prayed that the share of A, one of the heirs, might be settled on his wife and children as permitted by the will. *Held*, that a judgment creditor of A was entitled to intervene by petition and be heard as to the disposition of A's interest.

Before ALDRICH, J., Richland, July, 1886.

The opinion states the case.

*Mr. E. C. Haynsworth*, for appellants.

*Mr. Allen J. Green*, contra.

July 11, 1887.   The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.   Many years ago James H. Adams, sr., died, leaving a handsome estate and a large family.   He disposed of his property by a will, of which John Hampden Brooks, a son-in-law, is now the sole qualified executor.   After making certain specific bequests, he devised and bequeathed the remainder of his estate to his wife, Jane M. Adams, during her natural life, and then over to his "children," as follows :

"Item 12.   On the death of my wife my will and desire is, that all of my estate, both real and personal, hereinbefore devised or bequeathed to her for life or widowhood, be equally divided amongst my children in fee simple, the child, or children, of any deceased child taking the share its or their parents would have been entitled to take if living.   *   *   *

"Item 14.   On the final division of my estate after the death of my wife, I authorize and empower my executors, Warren Adams and J. H. Brooks, to make such settlement, or settle-

ments, of the shares of any one or more of my children as they may deem necessary to protect such shares from the bad management or improvidence of my children or my sons-in law, such settlement always, however, in case of my sons, to be so drawn as to permit as full and free enjoyment of the property bequeathed to them and its income as may be consistent (under the then existing law) with the entire exemption and protection of such property from the debts, contracts, and liabilities of my said sons; and as to the shares of my daughters, the same to be settled to their sole and separate use, respectively, and to be free from the debts, contracts, or control of their respective husbands," &c.

In 1885 Mrs. Jane M. Adams, the life-tenant and executrix, died, and John Hampden Brooks having become, by substitution, executor in her place, instituted an action in the Court of Common Pleas for instruction, final partition, and settlement of the estate, in which it was suggested to the court, that for the reasons assigned by the testator in the 14th item of his will, and the power reserved therein to his executors, the share of the testator's son, James H. Adams, "should be protected from the debts, contracts, and liabilities of the said James H. Adams, and to that end that the said share should be settled exclusively upon the wife and children of the said James H. Adams upon such terms, trusts, and limitations as to this court shall seem necessary to carry the testator's intention, to provide against the bad management or improvidence of any of his children, into effect."

In the mean time, before the death of the life-tenant, the said James H. Adams, one of the sons of the testator, had contracted debts; upon one of which John A. Crawford and David M. Crawford, as survivors of D. Crawford & Sons, recovered in 1880 a judgment against him for $630.91, besides interest and costs, and pending the aforesaid action for partition and settlement of the estate of Gov. Adams, filed the petition *in re*, alleging that the said James H. Adams, their judgment debtor, has no property subject to levy and sale under said judgment, except his undivided interest in his father's estate; that it would work a great injury to them and other creditors should the court allow the interest of the said James H. Adams in the estate of his father to be disposed of by decree in the cause, without pay-

ment first being made of their judgment; and praying that they might become parties defendant in order that they may, by their answer, set up their judgment against the said James H. Adams as a lien upon his distributive share in his father's estate.

The application was made before Judge Aldrich, who dismissed the petition, and from his order the appeal comes to this court upon the grounds following: "I. Because his honor refused and dismissed the petition in which petitioners prayed that they be allowed to come in and defend said action as judgment creditors of James H. Adams, one of the parties defendant. II. Because his honor did not allow petitioners to file their petition in said cause and defend as to the interest of James H. Adams without being made formal parties thereto."

We do not consider that the appeal involves the merits of the case as to whether the petitioners, judgment creditors of James H. Adams, are entitled to have their judgment paid out of the share, about to be ascertained; of their debtor, James H. Adams, in the estate of his father; but simply whether they have an equity to be heard in the main cause before the division of the estate and a final decree is made in relation to the said share. If the creditors of James H. Adams have the right to be heard upon the subject, it must be at this time, for it will be too late after the court has made final disposition of his share. *Simmons* v. *Simmons, Harp. Eq.*, 255.

Mr. Pomeroy declares that "the fundamental doctrine of equity concerning parties is, that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject matter and the relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained, either for or against them, shall be made parties to the suit." 1 *Pom. Eq. Jur.*, section 114, and see his *Remedies*, section 375, in regard to the right of incumbrancers to intervene in cases of partition, &c. If the will of the testator had stopped at the end of the 12th clause, we suppose there could have been no doubt that the son, James H. Adams, would have taken a vested remainder (to be enjoyed after the death of his mother), in his share, at least, of the lands; and in that case, that the

judgment of the petitioners would have had a lien upon it, and might, even before division, have levied and sold the same. "A vested remainder in fee of land may be levied on and sold during the continuance of a life estate, and while the tenant for life is in possession." *Harrison* v. *Maxwell*, 2 *Nott & McC.*, 347, 10 *A. D.*, 610, and *Bonham* v. *Bishop*, 23 *S. C.*, 104. It is true that this lien, if not enforced before partition, would not have been allowed to interfere with the rights of the parties to partition and divide the same among themselves. But by timely application to the court, the judgment or record creditors could have had their liens protected by an order for the payment to them of the defendant's share of the price of the lands divided or sold for division. *Burris* v. *Gooch*, 5 *Rich.*, 1; *Gatewood* v. *Toomer*, 14 *Rich. Eq.*, 144; *Garvin* v. *Garvin*, 1 *S. C.*, 60; *Riley* v. *Gaines*, 14 *Id.*, 454; and *Pendergrass* v. *Pendergrass*, 26 *Id.*, 20.

In *Gatewood* v. *Toomer*, *supra*, Chief Justice Dunkin said: "In proceedings for the partition of the real estate of a deceased person among his heirs or devisees, it is the practice of the court, upon the suggestion of the personal representative, or of other persons interested as creditors, to take care that their rights are protected, and an order made for calling in creditors. And so, if a claim exists to the distributive portion of one of the heirs or devisees, it is not infrequent to entertain a petition in behalf of such claimant entitled in the cause, and a copy of such petition is required to be served upon the adverse party. That petitions of this character are sanctioned, see 3 *Dan. Chan. Pl. & Pr.*, 1709." In *Garvin* v. *Garvin*, *supra*, Judge Willard said: "Where there is a claim by judgment or other record creditors, to the fund brought in either on petition or by rule, a question is made which may be brought before this court, provided the decree in relation thereto is, in its nature, final as to the matters embraced in it. That this is the usual and proper mode of bringing forward the demands of such creditors having a right to come into equity for satisfaction out of the fund is well settled. In *Simmons* v. *Simmons* (*Harp. Eq.*, 256), a rule was moved in a particular suit by a judgment creditor of one of the distributees for payment out of the proceeds of sale. Although in that case

the creditor did not intervene in time (the share of the distribu-tee bound by the judgment having been paid over to him before demand made by his creditors). still no question was made as to the propriety of the mode of his intervention," &c. In *Riley* v. *Gaines, supra,* Judge McIver said : "Thus, while it is true that the judgment of the appellant was a lien upon the undivided interest of Gaines in the real estate of his deceased father, yet that lien was subordinate to the right of the other heirs to have partition made, and if, upon such partition, the whole of the land had been sold, or if it had been assigned to one or more of the other heirs, the lien of the judgment upon the lands would have been divested and transferred to the interest of Gaines in the proceeds of sale, or in the amount which those to whom the land had been assigned, were decreed to pay for equality of parti-tion"—citing the authorities.

This being clearly settled, the only question is whether the matter is changed by anything contained in paragraph 14 of the will. That provision is very peculiar. In reference to the division to be made among "the children," after the falling in of the life estate, it delegates to the executors the power to make such settlement of the shares of his children (including James H. Adams, now an adult son under no legal disability) "as they may deem necessary" to protect such share from his bad manage-ment or improvidence; in such way, however, as "to permit as full and free enjoyment of the property as may be consistent with the entire exemption and protection of said property from his debts, contracts, liabilities," &c. It seems to us that the ques-tions raised under this paragraph are neither in the ordinary line, nor entirely free from difficulty. The judge does not give his reasons for dismissing the petition. We are not so clear on the subject as to need no further argument. Without in the least degree intimating an opinion upon the merits as to the effect of this provision of the will, we think that in accordance with the principles and practice of the Court of Equity the petition should not have been dismissed, but entertained as somewhat in the nature of a cross-action, and the judgment creditors allowed to be heard as to their rights in the premises.

The judgment of this court is, that the order of the Circuit

Court dismissing the petition *in re* be reversed; that the same be filed; and the petitioners, judgment creditors of James H. Adams, thus allowed to intervene in the principal cause, may be heard therein upon the subject of their rights.