## EDWARD M. PHILLIPS *et al.*, Appellants, *v.* DANIEL F. COFFEE, Appellee.

### APPEAL FROM PIKE.

A purchaser at sheriff's sale, who is not a party to the proceedings, having a good deed, will not be defeated in his title by any defect or irregularity; he relies upon the judgment, levy and deed; all other questions are between the parties to the judgment and officer.

Such a purchaser has nothing to do with the return of the officer to the execution.

A misrecital of the judgment in the deed will not destroy the title.

A stranger to the proceedings cannot collaterally question the regularity of them.

Where an instrument made by a corporation is duly executed by one having authority, the seal affixed will be presumed to be the proper seal, unless the contrary is shown.

DECLARATION in ejectment by Appellee *versus* Appellants. Plea, not guilty.

September term, 1855: tried before a jury on said issue. Verdict for appellee:—that he is owner in fee of S. E. 10 acres of N. E. S. W. 26, Town. 4 S., R. 3 W., in Pike county, Illinois, part of premises described in declaration; that appellants are guilty of unlawfully, &c. Motion for new trial made, on account of admission of improper testimony, and overruled. Bill of exceptions taken; appeal prayed for and perfected.

Bill of exceptions shows, that Nathan Phillips, on the 29th January, 1833, entered at U. S. land office at Quincy, N. E. S. W. 26, Town. 4 S., 3 W.

Appellee then offered in evidence a certified copy of a record of a judgment in the Morgan Circuit Court, in which the State Bank of Illinois was plaintiff, and Andrew Phillips, Ezra F. Benson, Nathan Phillips and Thomas M. Phillips were defendants.

Judgment rendered in said cause *versus* Nathan Phillips, at March term, 1840, for two hundred and forty-nine dollars and eight cents and costs, and *sci. fa.* for the other defendants.

Also, a certified copy of an execution issued from said Morgan Circuit Court to the sheriff of Pike, dated 10th day of

April, 1840, commanding sheriff to make $249.08 damages, and $7.12 costs, on which is the following return:

"By virtue of this execution, I did levy on the following described real estate, viz.: the north-east qr. of the south-west of Sec. 26, 4 S., 3 W., and pt. of the E. half of the north-west qr. of Sec. 26, 4 S., 3 W., containing in all one hundred and eight acres, more or less.

"By virtue of this execution I offered the above described property, but did not sell for want of bidders, on the sixth day of June, 1840.

JAMES M. SEELY, Sheriff.

By S. E. Love, Deputy.

I this day return this execution satisfied in full, by sale of the above described property, this July 11, 1840.

JAMES M. SEELY, Sheriff.

By S. E. Love, Deputy.

Also, a sheriff's deed to State Bank of Illinois, dated 21st July, 1842, for above premises, reciting a judgment of Circuit Court of Morgan county, in favor said Bank *versus* Nathan Phillips, for two hundred and forty-nine dollars and *eighteen* cents, at March term, 1840.

Also, a deed of assignment from State Bank to Manly, Ridgely and Calhoun, dated 31st October, 1848, of all lands and lots, &c., belonging to the bank. Deed is signed Thomas Mather, President, and purports to be under seal of bank.

The deed is not acknowledged, and no proof was made that the seal was the seal of the bank. The signature of Mather was proved, and it was also proved that he was president of the bank at date of deed.

Also, a certificate of A. Starne, Secretary of State, containing what purports to be a copy of a vote of directors of said bank, directing the president and cashier to signify the acceptance of the bank of act of legislature of March, 1847.

Also, a certificate of Secretary of State, of what purports to be the appointment, by the Governor, of Ridgely, Manly and Calhoun, as trustees to charge of assets of bank.

Appellant then offered in evidence a deed from trustees of bank to Charles Hamilton for the land aforesaid, and deed from Charles Hamilton to appellee for said land.

And also proved, that at time of commencement of this suit appellants were in possession of the premises described in the verdict.

At the time of offering each and all said paper titles by appellee, appellants objected to their introduction. The court overruled the objections, permitting each of them to be read, and appellants at the time of said rulings excepted.

The first four errors assigned are: that the court permitted improper testimony to go to the jury to prove title in appellee.

The last error assigned, is the refusal to grant a new trial, on the ground of the admission of improper evidence to prove title.

Wm. A. and J. Grimshaw, for Appellants.

C. L. Higbee and M. Hay, for Appellee.

Scates, C. J. The several deeds and other evidences of title were objected to, and those objections are presented for our revision, not as involving the power, but the regularity and sufficiency of the proof of the acts of the officers, bank, and assignees.

The judgment, execution, levy and sale, all appear to have been regular, and sufficiently, and strictly in pursuance of the law, (Rev. Stat. 1833, p. 372, Sec. 8,) and a deed made and acknowledged, (Sec. 14, p. 375;) and which deed so made is made evidence "that the provisions of the law in relation to sales of lands upon execution were complied with until the contrary be shown," and " shall be considered as conveying to the grantee therein named all the title, estate and interest of the defendant" in the same, in the lands sold, of what nature soever the same be. Act 1841, p. 171, Sec. 7. When plaintiff in execution is the purchaser he shall be chargeable with full notice, and accountable for all irregularities. *Harrison et al.* v. *Doe ex dem.' Rapp*, 2 Blackf. R. 1.

But there are none here alleged.

It is alleged that there is a variance between the judgment and execution read in evidence and that recited in the deed; and that the return on the execution does not show the name of the purchaser; and for which last reason the sale is void under the statute of frauds, for want of a complete memorandum in writing of the bargain and sale.

The variance was a clerical mistake, and amendable, and a stranger to the record shall not be allowed collaterally to question it. *Bissell* v. *Kip*, 5 John. R. 100; *Laroche* v. *Washbrough et al.*, 2 Term R. 737 ; *Jackson* v. *Walker*, 4 Wend. R. 464; *Jackson ex dem. Martin et al.* v. *Pratt*, 10 John. R. 381. And in this last case the court permitted parol evidence to identify the premises sold and conveyed by the sheriff's deed, they not being described in the sheriff's return upon the execution, declaring such irregularity did not affect the legality of the sale. So under our statute a con-compliance with the statute does not make void the sale, but subjects the officer to a forfeiture. Rev. Stat. 1833, p. 372, Sec. 8. *Stewart* v. *Croes et al.*, 5 Gil. R. 442 ; 2 Carter Ia. R. 465. Where, as here, the purchaser has a good deed, his title cannot be defeated by a

defective return, nor even if there be no return at all. The purchaser depends upon the judgment, the levy and the deed. All other questions are between the parties to the judgment and the officer. The statute of frauds may not be set up by them or strangers. For that would be a question between the officer and the purchaser. *Wheaton* v. *Sexton*, 4 Wheat. R. 503; *Doe* v. *Heath*, 7 Blackf. R. 154; *Hopping* v. *Burnam*, 2 Greene Iowa R. 42; *Humphreys* v. *Berson*, 1 Greene Iowa R. 199, 215. A want of a return of a levy has been held not to vitiate. *Evans* v. *Davis, &c.*, 3 B. Monroe R. 346; *McIntire* v. *Durham*, 7 Iredell R. 152.

Neither would a misrecital of the judgment in the deed vitiate or destroy the title. 10 John. R. 381; *Jackson ex dem. Hill* v. *Streeter*, 5 Cow. R. 529; *Jackson ex dem. Wetherell et al.* v. *Jones*, 9 Cow. R. 182.

This court has held that irregularities do not avoid the sale, and that strangers may not interpose collaterally objections which can alone, as between the parties, be made in a direct proceeding by motion or writ of error. *Swiggart et al.* v. *Harber*, 3 Scam. R. 364; *Rigg* v. *Cook*, 4 Gil. R. 336.

And in *Voorhees* v. *The Bank of the U. States*, 10 Pet. R. 478, where one had bid off the property and the deed was made to another, that is a matter entirely between those persons, and the defendant in execution has nothing to do with it, for his right is extinguished by the sale. Here, as in that case, taking the levy, return and deed together, and a sufficient case is made out under the statute of frauds, and the judgment debtor could have no right to complain, even had he the right thus collaterally to object, much less can these plaintiffs, who have shown no title and no connection with that suit.

The remaining question is to the admissibility of the deed of assignment by the bank to the trustees, and for want of proof that the seal thereto was the seal of the bank. This is unnecessary here. Its execution by the president of the bank is shown, and the seal affixed affords *prima facie* evidence that it is the seal of the bank. And this rule does not dispense with evidence that the seal is the seal of the corporation, but adopts as a rule of *prima facie* evidence that when an instrument is duly executed by one having authority, that the seal he attaches is the seal of the corporation, until it is impeached and shown otherwise. Ang. and Ames on Corp., pp. 192–4, Secs. 6, 7, and references; *Lovett* v. *Steam Saw Mill Asso'n et al.*, 6 Paige R. 54; *Mill Dam Foundery* v. *Hovey*, 21 Pick. R. 417; *Flint* v. *Clinton Co. and Trustee*, 12 N. Hamp. R. 430; *Reynolds' heirs* v. *The Trustees of Glasgow Academy*, 6 Dana R. 37; *Corrigan* v. *The Trenton Delaware Falls Co.*, 1 Halstcd R.

52; *Johnson et al.* v. *Bush et al.*, 3 Barb. Ch. R. 207. And it is held in some of the above cases that when the seal is proven to be the seal of the corporation, and to have been set to the deed by the agent, it is *prima facie* evidence of his authority to do the act.

The ancient strictness of proof of the seal being the device and seal adopted by the corporation, has been greatly relaxed. And this is indeed indispensable under the very great multiplication of corporations of a public and private nature, which have become the most desirable and convenient mode of association of capital for the varied transactions in manufacturing, carrying, and trading. It would in most instances be difficult, and in a great many impossible, for persons with whom they deal, strangers to the proceedings of corporate boards, to prove that a particular device had been adopted by them as a seal. More particularly in such cases as those in Kentucky, where a scroll with ink is allowed, as it is with us. It might be impossible to prove this to be the device adopted otherwise than by its use, and its being affixed as such by a proper officer or agent. This should be received as *prima facie* evidence, and the company required to answer and rebut it. I know that stricter proof is required in England, and in some of the States. See 21 Eng. C. L. R. 447; 7 Serg. and Rawl. R. 312; 2 Sand. Ch. R. 257; 1 Mo. R. 460 (646).

It is needless to multiply authorities, nor do I propose to discuss the rule or the soundness of the rule of relaxation in the proof. Whatever of danger there may be in it to corporations is no greater than that to others in the strict rule, in the multiplied transactions of the present day. Similar modifications have been made in our notions of the very reason itself for a sealing in modern times when almost all can write.

We can, under this view, find no valid objection to any of the proof offered.

*Judgment affirmed.*