Edwin Davis

*v.*

Henry C. Moore.

*Filed at Mt. Vernon June 21, 1882.*

</div>

1. Judicial sales—*sale after defendant's death.* Where an execution is issued and levied upon real estate in the lifetime of the defendant therein, a sale after his death will be valid without any notice to his legal representative or revivor by *scire facias.*

2.   At common law, if a defendant died after judgment against him, no execution could be issued, but the judgment had to be revived by *scire facias;* but by the statute an execution is authorized to be issued against the real estate of a deceased defendant, upon notice to his legal representative, after the expiration of one year from his death, without reviving the judgment or decree.   This remedy is concurrent with the common law proceeding by *scire facias.*

3.   SAME—*statute relating to sales, after defendant's death, construed.* Section 39, of chapter 77, Rev. Stat. 1874, provides that when a person shall die after a judgment or decree for the payment of money against him shall have been obtained in a court of record, execution may issue against his real estate, or a sale may be made under such decree or judgment, without reviving the same against his heirs or legal representatives, *"provided,* that no execution shall issue or sale be made until after the expiration of twelve months from the death of such deceased person; nor shall any sale be had on any *such* execution or decree until the person in whose favor the judgment or decree is sought to be enforced shall give to the executor or administrator, etc., at least three months' notice in writing of the existence of such judgment or decree before issuing execution or proceeding to sell:"   *Held,* this provision has no reference to cases in which execution is issued and levied in the lifetime of the defendant in execution.   The proviso relates only to executions to be issued after the death of the defendant, and sales on decrees not carried into effect in the lifetime of the defendant.

4.   SAME—*sale after return day is valid, if levy is made before.*   Where an execution is levied upon real estate in its lifetime, the officer may sell the land after, as well as before, the return day of the writ, without the issuing of a *venditioni exponas.*

5.   SAME—*purchaser at execution sale—as to equities between the parties.*   A purchaser of land at a sheriff's sale on execution, who is not a party to the judgment, need not concern himself in regard to any equities between the parties,—he is only bound to look to the judgment, the levy and the sheriff's deed, for the protection of his title.

APPEAL from the Circuit Court of Marion county; the Hon. GEORGE W. WALL, Judge, presiding.

This was an action of ejectment, brought by the appellee against the appellant, in the circuit court of Marion county. The record showed that William Aird was the common source of title under whom both parties claimed title, the defendant claiming under a sale made on a deed of trust given by Aird, and the plaintiff under a sale of the same land on execution against Aird, issued upon a decree of the Marion circuit court.

Mr. J. H. SEDGWICK, Mr. O. J. BAILEY, and Mr. WILLIAM WALKER, for the appellant.

Mr. HENRY C. GOODNOW, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Execution was issued upon a judgment of a circuit court, and levied upon real estate, in the lifetime of the defendant in execution. This real estate was sold, by virtue of that levy, within less than two months after the death of the defendant in execution, and without giving his executor, administrator or heirs any notice in writing of the existence of the judgment on which the execution was issued. The question is, was such sale void, or did it confer upon the purchaser a legal title, subject, of course, to the right of redemption?

Appellant claims that the sale was absolutely void, by virtue of section 39, chap. 77, Rev. Stat. 1874, p. 626, which reads as follows: "When a person shall die after the rendition of a judgment or decree for the payment of money against him is obtained in a court of record, execution may issue against the real estate of such deceased person, or sale may be made under such decree without reviving the judgment or decree against his heirs or legal representatives: *Provided,* that no execution shall issue or sale be made until after the expiration of twelve months from the death of such deceased person; nor shall any sale be had on any such execution or decree until the person in whose favor the judgment or decree is sought to be enforced shall give to the executor or administrator, or if there is neither, the heirs of the deceased, at least three months' notice in writing of the existence of such judgment or decree, before issuing execution or proceeding to sell." But this, it is clear, has no reference to cases in which execution is issued and levied in the lifetime of the defendant in execution. It has reference to judgments and

decrees which, after the death of the defendant in execution, it would, at common law, have been necessary to have revived by *scire facias* before their collection could be enforced. "By the common law all proceedings in a suit at law were arrested by the death of the parties. If either of them died before judgment, no judgment could be entered, but the suit abated; if he died after judgment, no execution could be issued, but the judgment had to be revived by *scire facias*." *Brown* v. *Parker*, 15 Ill. 307. Hence the language here is: "When a person shall die after the rendition of a judgment or decree for the payment of money against him is obtained in a court of record, execution may issue against the real estate of such deceased person, or sale may be made under such decree, without reviving" (as otherwise would be necessary) "the judgment or decree against his heirs or legal representatives." And the remedy thus provided is concurrent with the common law proceeding by *scire facias*. *Brown* v. *Parker, supra.*

The *proviso,* that "no execution shall issue or sale be made," by the plainest rules of construction relates only to the executions and sales which form the subject of the enactment,—that is to say, executions to be issued after the death of the defendant in execution, and sales on decrees for the payment of money, not carried into effect in the lifetime of the defendant. And this, in our opinion, is placed beyond reasonable controversy by the further clause, "nor shall any sale be had on any *such* execution or decree, until," etc., thus unmistakably referring back, for its antecedents, to the first named executions and decrees.

Where an execution is levied upon real estate, in its lifetime, there remains only the duty of the officer to sell, and this he may do after as well as before the return day of the writ, and without the issuing of a *venditioni exponas*. *Phillips et al.* v. *Dana*, 3 Scam. 551; *Bellingall* v. *Duncan et al.* 3 Gilm. 477. Here, when the defendant in execution died,

there remained, then, only the duty of the sheriff to sell,—a duty fixed or determined by the levy already made, and to the performance of which the further possession of the execution was unnecessary. No new process could be necessary, and the case is clearly unaffected by the statute.

We think the sale was valid. The equities talked of by counsel, in their brief, seem to be thrown in as makeweights or excuses for relying on strictly legal rights, rather than as constituting a legal defence to appellee's cause of action, and hence deserve no special notice. The judgment, the levy and the deed are shown, and these are all to which the appellee (who was not a party to the judgment) is required to look. *Phillips et al.* v. *Coffee,* 17 Ill. 154.

An objection was urged in argument that the judgment did not determine the estate of the appellee in the premises. This is a misapprehension. The record is not defective in that regard.

We perceive no cause to disturb the judgment below, and it will, therefore, be affirmed.

*Judgment affirmed.*