JAMES P. MARTIN, AS ADMINISTRATOR OF BRITANIA WANTON, DECEASED, APPELLANT, VS. L. D. TOWN-SEND, APPELLEE.

COUNTY COMMISSIONERS—QUORUM—DEEDS EXECUTED BY—SEAL OF COUNTY.

1. By Chapter 678 or the acts of the Legislative Council, approved February 17th, 1833, and by Chapter 11 laws, approved July 26th, 1845, boards of' county commissioners while acting in their official capacity as a board, were fully authorized and em-powered to sell and convey the lands of their county, not required for public uses, in such manner as they deemed best.

2. In conveying the public lands of their county, the execution of a deed thereto by county commissioners was an official act that such boards were expressly authorized by law to perform, and in the performance of it the judge of probate, while under the law he was *ex-officio* a member and president· of such board, properly acted under his own official title of "judge of probate,' the law, from the character of the official act and the partic-ipation with him therein of other members of the board of county commissioners acting as such under their official titles, supplying the fact that such judge was acting therein in his ca-pacity as an *ex-officio* member of such board.

James P. Martin, Admr., v. L. D. Townsend.—Opinion of Court.

3. Under the statutes in force in 1852 the judge of probate, who was then *ex-officio* a member and president of the board of county commissioners, with any two of the other members of such boards, or in the absence of the judge of probate, any three members of such board, constituted a quorum with full power to transact any official business, or to perform any official duties; *Held*, That the execution of a deed of conveyance to a parcel of county land that such boards had authority to sell and convey, was such an official act as could be validly and effectually performed by such *quorum* of said boards, and that it was not necessary to the validity of such a deed that it should be executed by all, or any greater number than a legal quorum of such board.

4. Boards of county commissioners are *quasi* corporations, and their official duties and powers partake more of the characteristics of corporate acts and powers than those of mere trustees.

5. In executing a deed to county lands, boards of county commissioners do not act for themselves as individuals, but act officially for and on behalf of their county, and in such case it is not necessary that to the name of each of them signing such deed an individual seal should be set. All that was necessary, in so far as the requisite of a *seal* was concerned, in order to make it a valid and effectual deed from the county, was to attach thereto *some seal adopted by such board as the seal of their county*. *Held, further*, That the affixing of the official seal of the probate court of the county to such a deed with the following attestation clause: "In witness whereof the said Simon Turman, judge of probate, William Hancock, Joseph Howell, Andrew H. Henderson and Ezekiel Glazier, county commissioners, *in their capacity as a board*, have hereunto set their hands *and seal of our probate court* the day and year," etc., was such an adoption by the board of the seal named and used as made the deed upon which it was used the validly *sealed instrument of the county*.

Appeal from the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion of the court.

*Barron Phillips* and *Thos. E. Wilson* for Appellant.

*G. A. Hanson* for Appellee.

TAYLOR, J. :

The appellant sued the appellee in the Circuit Court of Hillsborough county in ejectment for the recovery of that lot of land in the town of Tampa described as lot 3 of block 63, according to the general map of said town made by John Jackson, surveyor, in the year 1853. At the trial, in consequence of the rulings of the court excluding the deed upon which the title of the plaintiff's intestate rested, the plaintiff took a nonsuit, and appeals from the judgment entered thereon.

The sole question presented for our consideration is the ruling of the court below excluding the following deed from admission in evidence on behalf of the plaintiff:

"STATE OF FLORIDA, }

HILLSBOROUGH COUNTY. }

This indenture, made this 6th day of September, in the year of our Lord eighteen hundred and fifty-two, between Simon Turman, judge of probate, William Hancock, Joseph Howell, Andrew H. Henderson, Ezekiel Glazier, county commissioners within and for the county and State above mentioned, of the first part, and William Cooley, guardian of Britania Wanton, a colored woman, assignee of James Gettis, assignee of Benjamin Cowart, assignee of John C. Oats, of the second part, witnesseth that the said party of the first part for and in consideration of the sum of forty dollars to the county treasurer of said county in

hand paid, receipt whereof we do hereby acknowledge, have granted, bargained, sold, confirmed, and do by these presents grant, bargain, sell, convey and confirm unto the said party of the second part, her heirs and assigns forever, a certain lot in the town of Tampa, known and described on the map or plan of the said town now on record, made by John Jackson, surveyor, and dated the 4th day of January, 1847, as lot No. three (3), in block No. ten (10), containing one-sixth part of one acre, more or less, together with all the rights, privileges and appurtenances thereto beloning, and the remainders and profits thereof, and all the estate, title and interest of the said party in law or equity in and to the same. To have and to hold the lot hereby conveyed with all the appurtenances thereunto belonging to the only proper use, benefit, and behoof of her, the said Britania Wanton, assignee as aforesaid, her heirs and assigns forever. In witness whereof, the said Simon Turman, judge of probate, William Hancock, Joseph Howell, Andrew H. Henderson and Ezekiel Glazier, county commissioners, in their capacity as a board within and for the county of Hillsborough, and State of Florida, have hereunto set their hands and seal of our probate court the day and year above written.

|  |  |
|---|---|
| { Hillsborough county }<br>{ probate court seal. } | SIMON TURMAN,<br>Judge of Probate.<br>WM. HANCOCK.<br>A. H. HENDERSON,<br>E. GLAZIER,<br>County Commissioners. |

BENJAMIN HOGLER,
MARTIN CUNNINHAM.

STATE OF FLORIDA,     }
  Hillsborough County. }

Be it remembered that on the 6th day of September, 1852, personally came before the undersigned Clerk of the Circuit Court within and for the county of Hillsborough, and State of Florida, Simon Turman, judge of probate, William Hancock, Andrew H. Henderson and Ezekiel Glazier, county commissioners, in their capacity as a board within and for the county and State aforesaid, and acknowledged that they signed, sealed and delivered the above deed as their act and deed for the purposes therein specified. Given under my hand and seal of our Circuit Court, at Tampa, this 6th day of September, A. D. eighteen hundred and fifty-two, and the 77th year of American Independence.

(SEAL)                    MARTIN CUNNINGHAM,
                            Clerk Ct. Ct. H. C., Fla.

Endorsed: Recorded in book B, p. 66–67, September 10th, 1852. M. Cunningham, Clerk Ct. Ct. H. County, Fla."

The objections urged againt the admission of this deed at the trial below that were sustained by the court, are as follows:

"1st. Because it purports to be a deed from the county commissioners of Hillsborough county, when in truth and in fact it is only signed by Simon Turman, judge of probate, W. A. Hancock, A. H. Henderson and E. Glazier, county commissioners of Hillsborough county, the board at that time consisting of five members, and only three of them signing as county commissioners."

"2nd. Because the seal of the board of county commissioners is not affixed to said deed."

"3rd. Because there is no seal affixed to said deed at or near the signatures of the parties who signed the same."

"4th. For that said deed relates that the seal of the probate court has been affixed thereto, there being nothing in said deed to show that said seal had been adopted as the seal of the board of county commissioners, and no law of the State of Florida designating that as the seal of said board."

"5th. For that said board of county commissioners were trustees of said property for the county of Hillsborough, and that it required the signatures of the entire board to make a valid deed."

In excluding the deed the court below sustained all of these objections.

By the act of the Legislative Council of the Territory of Florida, Capter 678, approved February 17th, 1833, a county court was established in each county which was made a court of record and was presided over by one judge, appointed by the Governor and Legislative Council, whose general jurisdiction extended over civil causes involving amounts between $50 and $1,000, and over criminal causes below the grade of capital offenses, and he was clothed with general probate powers in the matter of the granting of letters testamentary and of administration, appointment of guardians for infants and lunatics, and in ordering the sale of, and distribution of the estates of decedents.

By the 5th section of this act the county courts were required to hold two terms in each year, and it was thereby made the duty of each justice of the peace in the county to attend upon the first term of the county court in each year *for the purpose of transacting county business*. Any two of such justices of the

peace, with the judge of the county court, or in case of the absence of such judge, any three of such justices of the peace, were constituted a quorum for the transaction of county business. By the 6th section of said act, the said county courts, being in session for the transaction of county business, were clothed with full power to sell and dispose of any lands that belonged to their respective counties, for the use of such counties, in such manner as said county courts might deem best. And said courts thus in session were clothed with the general supervision of the public highways, the support of the poor, and the levy of taxes for county purposes, etc. By the Constitution adopted in 1839 for the then prospective *State* of Florida the county courts were abolished, and by Section 9 of Art., V., of that instrument the power was delegated to the Legislature to provide by law for the appointment in each county of an officer to discharge the duties usually pertaining to courts of ordinary or probate.

The Legislature, in pursuance of this constitutional provision, by an act (Chapter 6), approved July 25th, 1845, directed the appointment by the Governor, with the advice of the general assembly, of a judge of probate for each county, clothing him with general probate powers. By the second section of this act it was provided that such judges of probate should have a seal of office, and until such seals were provided they were authorized to use their private seals.

By Chapter 11, Laws, approved July 26th, 1845, the election of a board of four county commissioners in each county of the State was provided for, who were clothed with all the powers and were charged with all the duties that "by the laws of the Territory appertained to the county courts when sitting for county purposes." By the second section of this act the said boards

were required to hold at least two sessions in each year at their respective county sites on the first Monday in the months of April and September in each year.

Section three of this act provided: "That the judge of probate in each county shall be *ex-officio* a member and the president of said board, and shall keep or cause to be kept a regular record of its proceedings at each session thereof."

Sections five and six of said act provides that any three of said board including the president shall constitute a quorum for the transaction of business; and that if for any cause the judge of probate should not be present at any regular or called meeting of said board, the remaining members thereof or any three of them may organize the board by the election of one of their number to preside and proceed to the transaction of business.

By Chapter 112, acts of Congress, approved July 25th, 1848, vol. 9 U. S. Statutes, p. 726, the United States granted directly to the county commissioners of Hillsborough county, Florida, and their successors in office, 160 acres of land, for the use of said county, for county site purposes; and, in express terms, provided that the proceeds of sales thereof were to be applied to the building of a court house, jail and other public buildings for such county. The plaintiff introduced a patent from the United States, executed in conformity with this statute, and dated February 3rd, 1853, formally conveying directly to the county commissioners of said county 160 acres of land on the Hillsborough river, that, it was admitted, embraced the lot in controversy.

Under these circumstances, and under the provisions

of the statutes above quoted from our own State legislative enactments, we are satisfied:

1st. That the lot in controversy, prior to its conveyance by the county commissioners to Britania Wanton, was the property of the county of Hillsborough.

2nd. That the board of county commissioners of said county were fully authorized by law to sell and convey the same in such manner as they deemed best; and that they were the only authority in such county who could legally sell and convey the same.

3rd. That the judge of probate, at the date of the execution of said deed, was, *ex virtute officio*, a member of and president of such board of county commissioners; and, as such, within the powers and jurisdiction of said board, was clothed with the same powers as each of the other members elected, *eo nomine*, to be members of such board.

4th. That the execution of such deed for the conveyance of a part of the county lands was an official act that such board was expressly authorized by law to perform, and that in the performance of his part therein, as an *ex-officio* member of such board, the judge of probate acted properly under his own official title of judge of probate; the law, from the character of the official act that he was performing and the presence of the other officials with whom he acted, supplying the fact that he was acting therein in his capacity as an *ex-officio* member of such board.

5th. That a quorum of such board of county commissioners were authorized by law to transact all official business, and perform all official acts and duties devolving by law upon such board; and that, under the law in force when said deed was executed, the judge of probate with two other members of said board,

or, in the absence of the judge of probate, any three members of such board, constituted a board with full power to transact any such official business or to perform any such official duties; and that the execution of such deed of conveyance was such an official act as could be legally done and performed by a quorum of such board, and that it was not necessary to the validity of such deed that it should be executed by all, or any greater number than a legal quorum of such board. San Diego vs. S. D. & L. A. R. R. Co., 44 Cal., 106. Boards of county commissioners are quasi corporations and their official duties and powers partake more of the characteristics of corporate acts and powers than those of mere trustees. Treadwell vs. Commissioners, 11 Ohio St., 183; Jackson vs. Hartwell, 8 John (N. Y.), 422; Widow etc. of Reynolds vs. Commissioners of Stark County, 5 Ohio, 204; Levy Court vs. Coroner, 2 Wall., 501; Platter vs. Board of Commissioners, 103 Ind., 360; 4 Am. & Eng. Encyclopedia of Law, p. 374 and authorities cited. In executing this deed, the board of county commissioners were not acting for themselves in their individual capacity, but were, as a board, performing an official act that they were expressly authorized by law to perform for and on behalf of their county, and it was not necessary for each of them to affix to his own signature an individual seal. They were not acting in a private capacity as individuals disposing of their own property, but were acting in their official capacity as a *quasi corporate body* representing their county, and all that was necessary for them to do to make the instrument a valid deed from the county that they represented was to sign it in the presence of two subscribing witnesses as they did in their official capacity and attach thereto some seal adopted by them as the seal of their county. This

they did, and we think, very appropriately and effect-
ually in the attestation clause of the deed as follows:
"In witness whereof the said Simon Turman, judge of
probate, William Hancock, Joseph Howell, Andrew
H. Henderson and Ezekiel Glazier, county commission-
ers, *in their capacity as a board* within and for the
county of Hillsborough and State of Florida, have
hereunto set their hands *and seal of our probate
court* the day and year," etc., followed by affixing the
probate court seal mentioned.

Under the law as it then stood no seals were provid-
ed for the counties to be known distinctively as "coun-
ty seals," hence the county commissioners, as a *quasi*
corporation, in executing an instrument for and on be-
half of their county that required a seal for its valid-
ity were left free to adopt any device that would an-
swer as a seal for the county.    Bank of Middlebury vs.
Rutland & W. R. R. Co., 30 Vt. 159; Porter vs. A. &
K. R. R. Co., 37 Me., 349; Mill Dam Foundry vs. Ho-
vey, 21 Pick., 417; Stebbins vs. Merrit, 10 Cush,
(Mass.), 27; Phillips vs. Coffee, 17 Ill., 154; Tenney vs.
Lumber Co., 43 N. H., 343; 1 Dill. on Mun. Corp.,
sec. 190; Bradford vs. Randall, 5 Pick., 495; St. Phil-
lips Church vs. Zion Presbyterian Church, 23 So. Car.,
297. Very appropriately they, in express terms,
adopted and affixed the seal of the probate court of
their county, which seal was in the official custody of
and belonged to the office of the judge of probate, who,
by virtue of his office as such judge, was a member of
and president of said board.

This court in two cases has recognized the seal of
the probate court affixed to instruments executed by
county commissioners in their capacity as such as be-
ing entirely sufficient to give effect to them as *sealed in-
struments* of the county.    Jefferson County vs.

Lewis & Sons, 20 Fla., 980; Johnson vs. Wakulla County, 28 Fla., 720 ; 9 South. Rep., 690. See also Stockton vs. Powell, 29 Fla., 1, 10 South. Rep., 688. The excluded deed should have been admitted in evidence.

The argument appealed from is reversed.