ROSE M. B. SMITH v. HARDEE COUNTY.

160 So. 750.
Division B.
Opinion Filed April 8, 1935.

*W. W. Whitehurst,* for Plaintiff in Error;

*S. D. Williams,* for Defendant in Error.

BUFORD, J.—Writ of error in this case brings for review judgment in favor of defendant entered in a suit wherein plaintiff sued defendant, Hardee County, on a specialty, a written promise to pay on or before six months from date, December 4, 1929. Suit was filed September 28th, 1934. Defendant pleaded the five-year statute of limitations, which was sustained, the courts holding the instrument sued on was not the promise in writing under seal of the defendant.

The declaration was on a written promise to pay which was alleged to have been authorized by a resolution, copies both of which were attached to and made a part of the declaration and were as follows:

"(Copy of Note.)

"Wauchula, Florida, December 4, 1928.

"On or before six months after date, the County of Hardee, State of Florida, promises to pay to W. W. Whitehurst, or order, the sum of One Thousand Forty Dollars ($1,040.00) with interest on said principal sum, after date, at the rate of eight per cent. per annum until paid.

"IN WITNESS WHEREOF the said County and State of Florida, has caused this note to be executed by the Chair-

man of the Board of County Commissioners of Hardee County, Florida, and attested by the Clerk of the Circuit Court of Hardee County, Florida.

"W. B. BEESON,
"Chairman, Board of County Commissioners,
"of Hardee County, Florida.

"ATTEST:

"S. W. CONROY,

"Clerk Circuit Court for Hardee County, Florida.

"(Endorsed on back)

"Pay to Rose M. B. Smith, or order,

"(SEAL)

"W. W. WHITEHURST."

"(Copy of Resolution)

"WHEREAS, the County of Hardee, State of Florida, did employ W. W. Whitehurst for the said County of Hardee, State of Florida, and to act as the prosecuting attorney before the County Judge's Court in and for said Hardee County:

"And, whereas, by virtue of the said employment the said County of Hardee, State of Florida, became and now is indebted to the said W. W. Whitehurst on account of services performed as Prosecuting Attorney in the aforesaid County Judge's Court in the sum of Ten Hundred Forty Dollars:

"And, whereas, the said County of Hardee, State of Florida, is without funds with which to pay the said indebtedness, and the said W. W. Whitehurst has requested the County of Hardee, Florida, to issue its obligation evidencing its said indebtedness and fixing the amount thereof, and approving the same:

"THEREFORE, be it now resolved by the Board of County Commissioners of Hardee County, Florida, that it do issue

its promissory note aforesaid in the sum of $1,040.00 evidencing and representing the said indebtedness due by the said County of Hardee, Florida, to the said W. W. Whitehurst. Said note shall bear interest at eight per cent. per annum, and shall be due and payable within six months next after date of the same.

"ADOPTED in regular session of the said Board of County Commissioners of Hardee County, Florida, on this 4th day of December, A. D. 1928.

"W. B. BEESON,

"Chairman, Board of County Commissioners, "Hardee County, Florida.

"ATTEST:

"S. W. CONROY,

"Clerk Circuit Court for Hardee County, Florida.

"(SEAL)                                  "S. F. DURRANCE,
                                         "D. L. HALL,
                                         "R. J. DAVIS,
                                         "WM. CLIETT."

It is stipulated that prior to the execution of the note the County Commissioners had adopted a seal under provisions of Sec. 1475 R. G. S., 2153 C. G. L., and 1498 R. G. S., 2261 C. G. L., and had continuously used the same; that it was not impressed upon or attested to this paper, but that the only seal thereon was that of the Clerk of the Circuit Court authenticating his attestation.

The paper designated as a note does not purport to have been executed either in the name of Hardee County or in the name of the Board of County Commissioners of Hardee County. The attestation clause is, "In Witness Whereof, the said County of Hardee and State of Florida has caused this note to be executed by the Chairman of the Board of County Commissioners of Hardee County, Florida, and

attested by the Clerk of the Circuit Court of Hardee County, Florida." It is signed by W. B. Beeson over the words, "Chairman, Board of County Commissioners of Hardee County, Florida," to the left of which is "Attest: S. W. Conroy, Clerk Circuit Court for Hardee County, Florida." Then the stipulation says that the Clerk's seal was placed on the instrument.

The resolution authorizing the issuance of a written obligation provides:

"Therefore, Be It Now Resolved, by the Board of County Commissioners of Hardee County, Florida, that it do issue its promissory note aforesaid in the sum of $1,040.00 evidencing and representing the said indebtedness due by the said County of Hardee, Florida, to the said W. W. Whitehurst. Said note shall bear interest at eight per cent. per annum, and shall be due and payable within six months next after date of the same." This Resolution did not authorize the Chairman of the Board to execute a note in the name of the Board and neither does the note purport to have been executed in the name of the Board, but it purports to have been executed by one W. B. Beeson, who describes himself as Chairman of the Board of County Commissioners of Hardee County, Florida. But, even if the note had been so executed so as to bind the County it would have been necessary for it to have been executed under the seal of the Board of County Commissioners; otherwise, it would have been barred by the statute of limitations at the expiration of five years.

This case is to be differentiated from that of Jefferson County v. Lewis, 20 Fla. 980; Stockton v. Powell, 29 Fla. 1, 10 Sou. 688, and Martin v. Townsend, 32 Fla. 318, 15 Sou. 887, in which cases the seal of the Clerk of the Circuit Court or the seal of the Judge of Probate was recognized

as a sufficient seal for the authentication of an instrument executed by the Board of County Commissioners. In the case of Jefferson County v. Lewis, *supra,* the seal of the Probate Judge was held good because the County then had no official seal and the Judge of Probate, being the President of the Board and being ordered to execute the bonds, it was held appropriate that he use his official seal, or any other device in the way of a seal that was most convenient.

In Stockton v. Powell, *supra,* the use of the seal of the Clerk of the Circuit Court was upheld on the ground that it had been adopted by the County Commissioners as and for the seal of the county in the issuing of bonds there involved and it was held "the resolution to the extent that it indicates the will of the Board of County Commissioners that the seal of the Circuit Court shall be used is valid and proper."

In the case of Martin v. Townsend, *supra,* it was said: "In executing this deed the Board of County Commissioners were not acting for themselves in their individual capacity, but were, as a board, performing an official act that they were expressly authorized by law to perform for and on behalf of their county, and it was not necessary for each of them to affix to his own signature an individual seal. They were not acting in a private capacity as individuals disposing of their own property, but were acting in their official capacity as a *quasi corporate body* representing their county, and all that was necessary for them to do to make the instrument a valid deed from the county that they represented was to sign it in the presence of two subscribing witnesses as they did in their official capacity and attach thereto some seal adopted by them as the seal of their county. This they did and, we think, very appropriately

and effectually in the attestation clause of the deed as follows:

"In witness whereof, the said Simon Turman, judge of probate, William Hancock, Joseph Howell, Andrew H. Henderson and Ezekiel Glazier, county commissioners, *in their capacity as a board* within and for the County of Hillsborough and State of Florida, have hereunto set their hands *and seal of our probate court* the day and year," etc., followed by affixing the probate court seal mentioned.

Under the law as it then stood no seals were provided for the counties to be known distinctively as "county seals," hence the County Commissioners as *quasi* corporation, in executing an instrument for and on behalf of their county that required a seal for its validity were left free to adopt any device that would answer as a seal for the county. Bank of Middlebury v. Rutland & W. R. R. Co., 30 Vt. 159; Porter v. A. & K. R. R. Co., 37 Me. 349; Mill Dam Foundry v. Hovey, 21 Pick. 417; Stebbins v. Merrit, 10 Cush. (Mass.) 27; Phillips v. Coffee, 17 Ill. 154; Tenney v. Lumber Co., 43 N. H. 343; 1 Dill. on Mun. Corp., Sec. 190; Bradford v. Randall, 5 Pick. 495; St. Phillips Church v. Zion Presbyterian Church, 23 S. C. 297. Very appropriately they, in express terms, adopted and affixed the seal of the probate court of their county, which seal was in the official custody of and belonged to the office of the judge of probate, who, by virtue of his office as such judge, was a member of and president of said board."

In this case, however, the record shows that the Board of County Commissioners had adopted a seal and that the seal so adopted was continuously used; that the seal was designed so as to make an impression in a circle with the word "seal" in center and words "Board of County Commissioners, Hardee County, Florida," in the outer part of

the circle. The seal used by the Clerk was not this seal, but was the regular seal of the Clerk of the Circuit Court of Hardee County, Florida.

But the plea of the statute of limitations is fatally defective for the following reason:

Under the Laws of Florida, Chapter 10206, Acts of 1925, compensation such as is here under consideration may be paid lawfully only out of the fine and forfeiture fund. So the contract to pay must be read with the statute and be construed to bind the county only to pay out of the fine and forfeiture fund. When this construction is applied we must hold that the statute of limitations will not begin to run until it be shown that there is sufficient money in the fund from which payment is pledged to meet the obligation, or unless it be shown that sufficient time has elapsed to enable the county to raise the fund required in the manner provided by law. The plea does not allege that there is, or has ever been, sufficient money in the particular fund with which to pay the obligation, nor does it allege that sufficient time had expired more than five years before the filing of the suit in which to enable the county to raise the required fund in the manner provided by law. 15 C. J. 607; King Iron Bridge & Mfg. Co. v. Otoe County, 124 U. S. 459, 31 Law. Ed. 514; Chapman v. Douglas County, 107 U. S. 348, 27 Law. Ed. 378; Forbes v. Grande County, 23 Colo. 344, 47 Pac. 388.

The above holding must be the proper one because the plaintiff holding an obligation of the sort here involved could not maintain a suit to enforce payment until there is sufficient money in the fund to pay his claim or until such time has elapsed to enable the county to raise sufficient money in that fund in the mode provided by law. The

statute of limitations could not begin to run until the claimant has the right to enforce payment.

Whether or not there is, or has been, sufficient money in the fund with which to pay the obligation, or whether or not sufficient time has elapsed in which the county could raise sufficient money in the fund in the mode provided by law with which to pay the obligation are questions of fact which may be determined when properly pleaded.

While we hold the cause of action sued on to be a written instrument not under seal because it is not under seal of the Board of County Commissioners, we hold that the plea of statute of limitations is insufficient and that the proof of the expiration of the statute of limitations as contained in the stipulation is insufficient for the reasons hereinbefore stated. Therefore, the judgment should be reversed and the cause remanded with directions that it go back to the rolls for settlement of pleadings.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., concurs in the opinion and judgment.

BROWN and DAVIS, J. J., concur in the result.